MATTIE R. WILMARTH *vs.* CLARENCE E. CRAY, C. T.
MERTON J. WILMARTH *vs.* SAME.
MATTIE R. WILMARTH *vs.* MICHAEL J. TOBIN.
MERTON J. WILMARTH *vs.* SAME.

APRIL 4. 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. In these four cases defendant Tobin and the city of Providence are charged with negligent operation of an automobile by Tobin on August 3, 1927, at 11.30 a. m., near the southwest corner of the Providence Post Office. It is claimed that Tobin while engaged on business for the city drove so close to the curb on the northerly side of this heavily travelled one-way street that plaintiff Mattie, who was about to step off the curb to cross the street, was hit by the projecting front hub which, if the tire was against the curb, could overlap the sidewalk two and one half inches. No one saw the impact. Plaintiff did not see the car approaching; she was watching for a traffic officer's signal. She knows nothing of how the automobile came in contact with her. A street car and several automobiles had passed. Defendant felt a bump against the rear portion of his car and stopped at once. Plaintiff was picked up in the street near the curb about a foot behind the automobile. Plaintiff's inference that she was hit as claimed rested upon the fact that she had an abrasion on her left leg six inches above her

foot, the height of the curb being about eight inches and the hub being fourteen inches above the street. The outer end of the hub was in the same vertical plane as the edge of the mudguards. Defendant testified that his left wheel was at least six inches from the curb. Measurements showed that no part of the car could have encroached upon the sidewalk unless it was running nearer than this. Obviously if defendants testimony was correct, plaintiff could not have been hit in the manner she asked the jury to infer.

The question of her own and of Tobin's negligence was properly submitted to the jury. *Ford* v. *Cunningham Piano Co.*, 71 Pa. Sup. Ct. 380; *Harmon* v. *Midland Trail Transit Co.*, 148 S. E. (W. Va.) 379. After a verdict for the defendant in each case, positive approval thereof by the court, accompanied by a statement of its "impression that she thoughtlessly stepped off the sidewalk at a time when traffic . . . made it inadvisable and unsafe" and denial of plaintiff's motion for a new trial, based upon the claim that the verdict was contrary to the evidence, plaintiff is here on exception to denial of the motion for a new trial and exception to the concluding paragraph of the charge.

After careful reading of the record, we think that the evidence failed to preponderate in favor of plaintiff. No error was made in denying plaintiff's motion for new trial.

At the close of the charge plaintiff's counsel made a request, the exact nature of which does not appear on the record, that the court elaborate further on the rights of persons on the sidewalk and the court said in substance that if a person was standing on the sidewalk and saw a vehicle approaching which it was reasonably apparent would project dangerously over the sidewalk and if he had reasonable opportunity to avoid that situation, the jury might consider failure to exercise such opportunity in answering the question whether the person on the sidewalk exercised the care of the ordinary prudent and reasonable person. This is claimed to show a misconception of the law and probably to have misled the jury.

What occasioned the specific instruction we do not know. Perhaps it was inapplicable to the facts in this case but as a general statement of law it was sound. A person who is where he has a right to be may be negligent if he exposes himself to obvious danger. *Straight* v. *Western Light and Power Co.*, 73 Col. 188; *Coleman* v. *Smith Co.*, 30 R. I. 250; 45 C. J. 944. Nor do we find any indication that it misled the jury. It must be read in connection with the earlier portions of the charge which without exception thereto had correctly covered the facts in evidence. *Murray* v. *Liebmann*, 231 Mass. 7; *Gagnon* v. *R. I. Co.*, 40 R. I. 473. The jury had been told substantially that defendant's liability depended upon whether the projecting hub hit plaintiff while she was upon the sidewalk or whether she stepped off the curb against the automobile. In denying plaintiff's motion for a new trial, the court expressed its opinion that the latter was the fact. Such a view accords with defendant's testimony that his car was at least six inches from the sidewalk. This question of fact properly may be assumed to have been settled by the verdict in defendant's favor. *Mowry* v. *Saunders*, 33 R. I. 45; *Quincy* v. *Blanchard*, 36 R. I. 296 at 301; *Ford* v. *Cunningham Piano Co.*, *supra;* 2 R. C. L. 193, §167. Since the verdict is fully explainable as based upon defendant's testimony, there is no occasion to assume that the jury accepted plaintiff's theory and decided against her because she failed to anticipate unexpected and unseen danger. The exception to the charge is not sustained.

Both of plaintiff's exceptions in each case are overruled and each case is remitted to the Superior Court for the entry of judgment on the verdict.

*Gardner, Moss & Haslam* for plaintiffs.
*Grim, Littlefield & Eden* for defendants.