FRANK J. RIVELLI *vs.* DOMENIC ANNOTTI.

FEBRUARY 15, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. At the trial of this action of the case in assumpsit in the superior court, the jury returned a verdict for the plaintiff in the sum of $8876.75. The defendant's motion for a new trial was denied by the trial justice and the defendant then prosecuted his bill of exceptions to this court. The only exception therein now relied upon by him is to portions of the charge of the trial justice.

The plaintiff's declaration contains three counts, but at the trial he rested his case on his second count, which declares on a promissory note for $9000, dated July 2, 1935, and made payable to his order by the defendant. In his testimony the plaintiff credited the defendant with $330, making $8670 the sum really claimed to be due on the note. The verdict was for that amount, with interest. To the declaration the defendant filed a plea of the general issue, a plea of the statute of limitations, which was not pressed, and a special plea in set-off. The latter alleges that the plaintiff owed the defendant $24,160 for rent of certain premises and for automobile hire covering a long period. In this plea, the defendant credits the plaintiff with the sum of $9000 due him from the defendant on a note, making $15,160 the amount actually demanded from the plaintiff on the plea in set-off. At the trial, the defendant set up no defense to the note itself as introduced in evidence by the plaintiff.

The parts of the charge of the trial justice to the jury to which exception was taken by the defendant and is now being urged are as follows: "So that you, in any event, I instruct you that you must find that there is a credit on Mr. Rivelli's side of the amount which he has named, that is $8670. I instruct you that that is a credit as a matter of law." Also "Mr. Rivelli must prove his claim by evidence

that seems to you more convincing, and I needn't dwell upon that because I have already instructed you that there is a credit of that amount of $8670." The same issue is raised by both statements.

The defendant contends that by the use of the above language the trial justice, in effect, instructed the jury to return a verdict for the plaintiff for the amount claimed by him in his testimony, and did not leave to the jury the questions of fact, raised by the evidence, in relation to the defendant's plea in set-off and the various items therein.

In our opinion this contention is not sound. The portions of the charge in question are not reasonably open to the construction which the defendant seeks to place upon them. The trial justice, when so charging, was dealing solely with the plaintiff's own claim and evidence, and did not direct the jury to return a verdict for the plaintiff for the amount claimed by him to be due, without giving any consideration to or passing upon the merits of the defendant's claim in set-off. This part of the charge cannot fairly be considered as if it stood alone, but must be taken in its relation to the portions dealing with the defendant's plea in set-off. A charge should be read as an entirety in order to ascertain its meaning. *McNear, Inc.* v. *American & British Mfg. Co.*, 44 R. I. 190; *Butterfield* v. *Bernier*, 148 A. 581 (R. I.); *Wilmarth* v. *Cray, C. T.*, 50 R. I. 496, 149 A. 612.

An examination of the charge as a whole shows that substantially all questions of fact raised by the evidence under the defendant's plea in set-off were submitted to the jury. In view of the entire charge, we are unable to agree with the defendant's contention that the jury were in some manner misled into returning a verdict for the plaintiff. Their verdict would indicate that the defendant had failed to satisfy them of the validity of any of the items contained in his plea in set-off, except the amount of $330 already credited by the plaintiff to the defendant on the note in suit. We find that

the defendant was not prejudiced by the portions of the charge complained ·of. The exception of the defendant thereto is without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Joseph H. Coen,* for plaintiff.

*Luigi De Pasquale, Nathan Perlman,* for defendant.