## STEPHEN PARSONS *versus* SIMON M. HUFF.

A rule of law that requires a jury to infer from one willfully false assertion by a witness, that all statements uttered by him are false, is manifestly erroneous.   The maxim, "*falsus in uno, falsus in omnibus*," is qualified by circumstances.

The credit of a witness is a matter entirely for a jury, as to which no invariable rules of law can be given.

ON EXCEPTIONS from *Nisi Prius*, MAY, J., presiding.

This was an action of trespass *quare clausum*.   Plea, general issue, with a brief statement.

After the evidence was in, the Court instructed the jury that it was a rule or maxim of law, that if a witness was willfully and corruptly false in any one material statement, and they were fully satisfied of that fact, they might properly regard such a witness unworthy of belief, and no credit ought to be given to his testimony in any one particular or

respect, any further than his testimony was corroborated by other evidence in the case; and they would consider whether such rule or maxim did not commend itself to their common sense, and if it did they might properly act upon it.

They were further instructed, that they were the sole judges of the credit to be given to any and all the witnesses in the case. The plaintiff excepted to the instructions.

The verdict was for the defendant.

*Thacher & Ingalls,* for plaintiff, contended, — 1. There was error in the ruling of the Court touching the declarations made by plaintiff to Hutchins relating to depositions not offered in the case.

2. There was error in the direction of the Court to the jury, touching the supposed maxim of law, "*falsus in uno, falsus in omnibus.*"

*A. P. Gould,* for defendant, argued that the instructions to the jury were well warranted by the authorities. 1 Starkie's Ev. 523, part 3, § 87.

APPLETON, J.— The Court in this case instructed the jury, " that it was a *rule or maxim of law,* that if a witness was willfully or corruptly false in any one material statement, and they were fully satisfied of that fact, they might properly regard such a witness unworthy of belief and no credit ought to be given to his testimony in any one particular or respect any further than he was corroborated by other evidence in the case," &c.

The jury, it will be perceived, were peremptorily instructed, as matter of law, that in a certain contingency no credit should be given to a witness; that if they found one perjurious statement in his testimony, they should disregard as false the whole he might utter. In other words, it was asserted, as matter of law, that the deliberate utterance of one falsehood imposed upon the jury the obligation to disregard all the facts to which the witness uttering such falsehood might testify.

Is it true that the jury, finding a witness false in one essential statement, are bound to disregard the residue of his testi-

mony ? The question under consideration is one not of power, but of duty. Is the utterance of one falsehood conclusive proof of falsehood as to all other facts uttered by the witness, imposing upon the jury the duty to disregard the rest of his testimony, or is it to be viewed as a fact discrediting the witness; a circumstance of grave import affording grounds of distrust or disbelief, leaving the question of belief or disbelief optional with the jury ?

The importance of the question is apparent; for if disbelief be imperatively required by law, then a jury may be legally required to disregard as false what in truth they believe.

The truth or falsehood of testimony depends upon the motives, or the balance of motives, acting upon the witness at the time of its utterance. The motives which influence the human mind are as various as the feelings and desires of man. The same motives vary in intensity between man and man. They affect the same man differently at different times and under different circumstances. The prejudices, the passions, the hopes and fears, the loves and hates, by which humanity is affected, are not susceptible of the uniform and accurate admeasurement of the mechanical forces. There is no motive, the action of which upon testimony is uniform. The same motive may lead to truth or to falsehood. However sinister its direction, it may be controlled or overborne by others acting in a contrary direction.

The facts which a witness may utter may be many. In relation to each fact, its conformity or disconformity with truth will depend upon the clear amount of the aggregate force of interests acting upon the mind of the witness as to each separate fact. The witness may be exposed to the action of a different class of motives as to the several facts to which his testimony may relate. It is obvious, therefore, that of the testimony of the same witness part may be true and reliable and part false and mendacious. A rule of law, which requires a jury to infer from one false assertion, that all facts uttered by the witness are false statements, is manifestly erroneous.

The credit of the witness is a matter entirely for the jury; as to which no invariable and inflexible rules of law can b'e given in advance.   The credit of witnesses vary.   The same witness may be trustworthy at one time, untrustworthy at another; true as to one fact, false as to another.   It is for the jury in each case to determine what degree of credit is to be given each and every witness and to the several statements of each witness.   Any rule of law, which takes from the jury this power and limits its exercise, is a manifest interference with their functions.   It is the determination of the trustworthiness or untrustworthiness of testimony in advance of its utterance, and in utter and hopeless ignorance of all the facts essential to a correct decision as to such trustworthiness or untrustworthiness.

It was held, in *State* v. *Williams*, 2 Jones, (N. C.,) 257, that the maxim *falsus in uno, falsus in omnibus*, is, in a common law trial, to be applied by the jury, according to their judgment, for the ascertainment of the truth, and is not a rule of law in virtue of which the Judge may withdraw the evidence from the consideration of the jury, or direct them to disregard it altogether.   "It is," remarks PEARSON, J., in his elaborate opinion in this case, "the province of the jury to decide issues of fact and to pass upon the credit of witnesses; when the credit of a witness is to be passed upon, such jury is called on to say, whether they believe him or not; this belief is personal, individual, and depends upon an infinite variety of circumstances.   Any attempt to regulate or control it by a fixed rule is impracticable and worse than useless; inconsistent and repugnant to the nature of a trial by jury, and calculated to take from it its chief excellence, on account of which it is preferred by the common law to any other mode of trial, and to adopt in its place the chief objection to a fixed tribunal."

In *Lewis* v. *Hodgdon*, 17 Maine, 267, referring to the alleged rule of *falsus in uno, falsus in omnibus*, SHEPLEY, C. J., says, "it is not of such binding effect as to authorize a court to instruct a jury that they cannot believe one part of his statement and disbelieve another.   While this is the presumption

of the law, cases often occur in which jurors are constrained to yield entire credit to certain statements and to disbelieve others." *Exceptions sustained.—New trial granted.*

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.