## John B. Learned *vs.* Addison G. Hall.

Hampshire. Sept. 19. — Oct. 19, 1882. Endicott, Lord & Field, JJ., absent.

No exception lies to the refusal of a judge to allow the counsel of one party to ask him why he did not use the deposition of a person which had been taken for use at the trial, but not offered in evidence; nor to the argument of the adverse party that the excepting party did not use the deposition because he dared not, as it would corroborate the adverse party, no objection having been taken to the argument at the time, or instruction asked relating thereto.

Contract for a breach of warranty in the sale of a horse, with a count in tort for fraudulent representations. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the defendant purchased a horse, at the request of the plaintiff, of one Warner, of the State of New York. It was a material question whether at the time of the purchase the horse was vicious and unkind, and whether the defendant at the time he made such purchase knew he was vicious and unkind. The defendant testified that he had little knowledge as to the horse except the statements of Warner to him, which he gave in evidence, and which were to the effect that the horse had run away with his mate once from a ploughed field on a farm some eight months before Warner sold him, and

had never been hurt by it. At the conclusion of the evidence, the plaintiff being on the stand testifying in reply, the defendant's counsel asked him if he had not taken the deposition of Warner to be used in the trial, and then not introduced it in evidence; to which the plaintiff replied that he had. The plaintiff's counsel then asked him why he had not used the deposition; and the defendant objected. Thereupon the plaintiff's counsel offered to show by the plaintiff that he had not used the deposition because Warner had made different statements to him in conversation from the statements in the deposition, which statements to him induced him to take it; and claimed the right then to explain the fact that he did not use the deposition, as the defendant's counsel might argue that the deposition was not put in by the plaintiff because it would corroborate the defendant. The deposition was not offered or read in evidence. The judge refused to permit the question to be put. In argument, the defendant's counsel contended that the plaintiff did not use the deposition because he dared not, as it would corroborate the defendant; and the plaintiff's counsel contended that it was not used because Warner was in league with the defendant, they having confederated together since the case began.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*D. W. Bond & J. B. Bottum*, for the plaintiff.

*W. S. B. Hopkins*, (*S. T. Field* with him,) for the defendant.

C. ALLEN, J. To meet the argument which might legitimately have been derived from the omission to read the deposition in evidence, the plaintiff did not offer to show that it was out of his power to introduce it, as, for example, that it had been lost, stolen, or destroyed. But the testimony which was offered would still have left the fact to be correctly inferred, it would indeed have furnished direct proof of the fact, that the plaintiff did not use the deposition because he thought it would not help his case.

It was a matter of no legal materiality how it happened that the plaintiff became disappointed in the testimony which he expected to obtain from the witness. If the deposition had been used by the adverse party, it would of course have been open to

the plaintiff to contradict the witness, by proving inconsistent statements made by him at other times. But the deposition was not used. The evidence of the witness was not in the case; and it was of no legal consequence whether he was a truthful person or not. It might well be that the plaintiff was disappointed at failing to obtain the evidence which he expected, and that he had been misled into taking the deposition; but the fact remained, that he did not produce the evidence of this particular witness in his favor, because the witness had testified in such a way as not to help him. This evidence being wanting, an inquiry into the truthfulness of the witness would be too remote from the question at issue. If the plaintiff could be allowed to introduce evidence of his untruthfulness, the defendant might introduce evidence in reply; and thus an issue would be raised and tried to the jury, as to the truthfulness or untruthfulness of a person in the country, whose testimony neither party cared to use. If the plaintiff could establish the fact that the person had testified falsely in a deposition which was not used, it would signify nothing.

We do not clearly perceive that the argument of the defendant's counsel to the jury was allowed to be pressed too far; but, if it was, the way to correct the effect of an argument which exceeds due limits is to object to it at the time, to answer it by a counter argument, or to ask suitable instructions to the jury.

*Exceptions overruled.*