THOMAS F. MURRAY *vs.* HARRY LIEBMANN.

Middlesex. March 15, 1918. — July 1, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Way*, Public. *Practice, Civil*, Judge's charge, New trial, Exceptions.

A pedestrian upon a sidewalk which is a part of a public way, while stopping near the curb for the purpose of conversation with another pedestrian upon the sidewalk, has a right to assume that drivers of vehicles using the part of the way wrought for carriage travel will exercise ordinary precaution to avoid having their vehicles come into contact with him.

If, after the judge presiding at the trial of an action of tort for personal injuries has given proper instructions to the jury as to the plaintiff's right of recovery for loss of earning capacity, he also, subject to an exception by the plaintiff, states "that while he himself did not believe that the law was correct, nevertheless it was the law," and, afterwards, that, "if they found that a man of the plaintiff's capabilities would, except for this accident, have been worth more as a salesman of bonds than he was actually worth, they should allow him whatever loss he had proved in that regard," the plaintiff's exception must be overruled because it is plain that the jury could not have misunderstood the judge's meaning and because his statement of the law was correct.

Exceptions to rulings of law made upon a motion for a new trial can be taken only to rulings upon questions which arise for the first time at the hearing upon such motion.

If the judge presiding at a trial, during the course of the closing argument of the counsel for the plaintiff, by motions of his head shows dissent from the counsel's statements and the plaintiff does not except to such conduct of the judge before the verdict, the propriety of such conduct cannot be brought before this court for determination by an exception to a refusal to grant a motion for a new trial based upon such alleged impropriety.

TORT for personal injuries caused on March 6, 1915, when the plaintiff was standing on the sidewalk on Winter Street in Boston, by his being struck by tires on and projecting over the running

board of the defendant's motor car which was drawing up to the curb. Writ dated June 2, 1915.

In the Superior Court the action was tried before *Wait*, J. The material evidence, portions of the judge's charge and the course of the trial are described in the opinion. At the close of the evidence and again at the close of the charge, the plaintiff asked for the following rulings:

"1. A man standing on the edge of the sidewalk is not bound to anticipate danger from being hit by projecting parts of vehicles which are passing in the street.

"2. It is not evidence of negligence if the jury find that the plaintiff was standing on the edge of the sidewalk with no part of his body projecting over the edge of the curbstone into the street.

"3. If the plaintiff was standing on the sidewalk inside the inner edge of the curbstone, he was in a place of apparent safety.

"4. It is the duty of a person controlling a vehicle or automobile in the street to so operate it that no part of it shall come in contact with a person standing upon the sidewalk.

"5. It is the duty of the person having control of a vehicle in the street when drawing up to a curbed sidewalk for the purpose of stopping, to so manage his vehicle that it shall not come in contact with a person standing upon the sidewalk.

"6. The plaintiff had a right to stop upon the sidewalk for the purpose of holding a conversation with his friend.

"7. The fact that the plaintiff stopped upon the sidewalk for the purpose of conversing with another person is not evidence of negligence.

"8. There is no duty upon a person using the sidewalk to look out for vehicles passing in the street.

"9. There is no duty upon a person using the sidewalk to anticipate danger from vehicles passing or moving in the street."

The judge declined to give these rulings except as they already had been given in the charge. The jury found for the defendant. The plaintiff filed the motion for a new trial described in the opinion, which the judge denied. The plaintiff alleged exceptions.

*A. P. Stone,* (*M. H. Stone* with him,) for the plaintiff.

*C. S. Knowles,* for the defendant.

BRALEY, J. The sidewalk where the plaintiff was standing engaged in conversation with a friend when he was struck and

injured by the slightly overhanging spare tires carried on the defendant's motor car in an upright position upon the running board, formed part of the highway, in the concurrent use of which each party owed to the other the duty of due care. And the plaintiff had the right to assume that drivers of vehicles using the part of the way wrought for carriage travel would exercise ordinary precaution to avoid contact with persons on the sidewalk standing within the curbing. *Hennessey* v. *Taylor,* 189 Mass. 583, 584.

While the plaintiff's nine requests which the presiding judge said he could not give in terms, were framed in part to meet varying aspects of his alleged rights as a pedestrian, it is sufficient to say that, when the instructions, to which no exceptions were taken, are read with the requests, no reversible error appears. *Cutting* v. *Shelburne,* 193 Mass. 1, 5. *Commonwealth* v. *Henry,* 229 Mass. 19.

The plaintiff also excepted to portions of the instructions relating to the cause of his physical condition, and to the measure of damages. The judge, however, in appropriate language told the jury that they were to determine whether the ills of which he complained were attributable to the accident, and if they so determined, he was entitled among other elements of damage to recover for loss of earning capacity resulting from his injuries. The instructions were correct. *Lopes* v. *Connolly,* 210 Mass. 487. It is true that, when referring to the right of recovery for loss of earning capacity, he also said, "that, while he himself did not believe that the law was correct, nevertheless it was the law;" a form of expression now urged as having been extremely prejudicial. But, if his own opinion may not have been apposite, it is plain that the jury could not have understood him as meaning that it was to be followed, for he further said, that "if they found that a man of the plaintiff's capabilities would, except for this accident, have been worth more as a salesman of bonds than he was actually worth, they should allow him whatever loss he had proved in that regard."

The jury having found for the defendant, the plaintiff filed a motion for a new trial. The record states that during the closing argument of the counsel for the plaintiff on the question of the defendant's liability, "the presiding judge, intending to express his

disagreement with counsel's position as to a matter of law, shook his head. This expression of negation came at the time when the counsel had started to argue the question to the jury, and could have been understood by the jury as expressing the judge's dissent from the counsel's position with regard to the due care of the plaintiff in that respect as a matter of fact." If the counsel deemed that his rights to present to the jury his views had been infringed, there is nothing in the record to show that he did not have an opportunity to except. If under R. L. c. 173, § 106, exceptions may be alleged to rulings upon a motion for a new trial, they are confined to questions which arise for the first time at the hearing upon the motion. *Commonwealth* v. *Morrison,* 134 Mass. 189. *Loveland* v. *Rand,* 200 Mass. 142, 144. The plaintiff not having taken any exceptions at the trial and before the verdict, the question of the judge's conduct, although assigned as one of the grounds for setting the verdict aside, is not open. *Lopes* v. *Connolly,* 210 Mass. 487, 496. And, the granting or denial of the motion having been a matter of discretion, the refusal to order a new trial cannot be reviewed. *Welsh* v. *Milton Water Co.* 200 Mass. 409.

*Exceptions overruled.*