428

JOSEPHINE MIZULA, PRO AMI *vs.* EMMA M. SAWYER ET AL.

JOSEPH MIZULA *vs.* EMMA M. SAWYER ET AL.

MARY CHEREPOWITCH *vs.* EMMA M. SAWYER ET AL.

Cumberland.        Opinion November 18, 1931.

*Jacob H. Berman,*
*Edmund P. Mahoney,* for plaintiffs.
*Herbert J. Welch,* for defendant O'Donnell.
*Ralph M. Ingalls,*
*William B. Mahoney,* for defendant Sawyer.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.   Cases tried together. Verdicts against defendant O'Donnell in each case. Verdict for defendant Sawyer in each case. Cases come forward on plaintiffs' motions on usual grounds to set aside verdicts in Sawyer's favor and also special motions to set aside same verdicts because of misconduct of Sawyer's counsel. Action for damages by reason of collision between automobile and pedestrians alleged to have been caused by joint or concurrent negligence of defendants, whose cars collided in such a manner as to cause O'Donnell's car to strike plaintiffs Josephine Mizula and Mary Cherepowitch and to impose upon Joseph Mizula, father of Josephine, certain expenses incidental to the injury received by her.

No good purpose would be served by a discussion of the evidence. Apparently the jury accepted the statement of defendant Sawyer as to the manner in which the collision between her car and that of O'Donnell occurred. If that version of the affair was correct, she could not be found guilty of negligence as a matter of law. It can

not be said that her story is inherently improbable or that the jury manifestly erred in accepting it. No citation of authorities is needed to establish the proposition that when two arguable theories are presented, both sustained by evidence, and one is reflected in a jury verdict, this Court is without authority to act. It is only when a verdict is plainly without support that a new trial on general motion may be ordered.

The special motion presents a peculiar situation. It appears that counsel for Sawyer, in closing the case to the jury, dwelt on her age and limited financial ability. Just exactly what he said is not agreed upon, but very plainly his argument was irrelevant, improper and prejudicial.

References to the wealth or poverty of parties, unless the issues involved make such references admissible, may constitute reversible error. In *Davis* v. *Stowe Township* (Pa., 1917), 100 Atl., 529, plaintiff's counsel made the statement in argument that unless the case was decided in his client's favor, she and her children would be dependent upon charity; whereupon defendant moved for a mistrial, which was refused. A verdict for plaintiff was set aside on the ground of misconduct of counsel.

"Counsel will not be permitted to urge the poverty of his client as ground for a verdict." *Dziedzic* v. *Mfg. Co.*, 82 N. H., 473, 136 Atl., 261.

A prejudicial appeal to the jury not to give the plaintiff a verdict, thereby taking defendant's money from him, because he was a hard working worthy man who by industry had accumulated a little property is sufficient ground for setting aside a verdict. *Duplessis* v. *Guyon*, 80 N. H., 317, 116 Atl., 342.

Plaintiffs' counsel preferred to answer the argument thus presented rather than to object to it, and in his rebuttal attempted to counteract its effect by a discussion fully as irrelevant, improper and prejudicial as that advanced in behalf of defendant. He now presents motions to set the verdicts aside because of the unwarranted argument of counsel for Sawyer.

The issue raised by these motions has been the subject of frequent discussion by this court; and the practice, indulged in by many attorneys of attempting to divert the attention of the jury

from matters properly before it by appeals to bias, prejudice, passion or sympathy, by statements of fact not based upon evidence or by unfair argument, has been many times unsparingly condemned.

"The courts have usually been very firm, whenever occasion has required, in confining counsel within proper and reasonable grounds to whatever is pertinent to the matter on trial." *Rolfe* v. *Rumford*, 66 Me., 566.

Whether the point should be raised by motion or exceptions depends upon the procedure at *nisi prius*. If the presiding Justice permits counsel in addressing the jury, against seasonable interposition, to proceed with an improper argument, exceptions will lie to correct the error. *Rolfe* v. *Rumford*, supra.

"If defendant's counsel, as claimed by plaintiff, exceeded. the proper license of an advocate in his argument to the jury, it was the duty of plaintiff's counsel, if he thought his client's rights were being prejudiced, to interpose an objection and if the judge declined to interfere, plaintiff might have exceptions. If the judge stopped counsel and required him to desist and retract and he refused to do so, plaintiff's remedy is by motion." *Powers* v. *Mitchell,* 77 Me., 368; *Sherman* v. *M. C. R. R.*, 86 Me., 424; *State* v. *Martel,* 103 Me., 66.

Obviously in the instant case exceptions would not lie. No error appears on the part of the Court. Plaintiff interposed no objection, at the time, to the argument of defendant's counsel. The presiding Justice was not requested to act. Hence, no fault can be attributed to him for not acting.

Nor will motion lie under the circumstances disclosed by this record. "The way to correct the effect of an argument which exceeds due limits is to object to it at the time, to answer it by counter argument or to ask suitable instructions to the jury." *Learned* v. *Hall*, 133 Mass., 417. "By electing to interpose no objection and rely upon the advantage he might have by counter assertion and argument in reply, he waived his right to exception or motion. The case is similar in principle to a case of disqualification or misconduct of a juror. If known to a party during the trial and he wishes to take advantage of it, he must interpose his objection.

He can not elect to take his chance of a verdict in his favor and if he fails, then raise the objection." *Powers* v. *Mitchell*, supra.

"If the county attorney in his argument to the jury transcended his legitimate province, the counsel for the respondent should have interposed their objection at the time, that the court might have set the matter right before the jury. Not having done so, it is too late to raise that question." *State* v. *Watson*, 63 Me., 138.

"The rule is well settled. If counsel in addressing the jury exceed the limits of legitimate argument, it is the duty of opposing counsel to object at the time, so that the presiding Justice may set the matter right, and instruct the jury with reference thereto. If the Justice neglects or declines, after objection, to interfere, redress may be sought by a bill of exceptions. If the offending counsel, after being required to desist or retract refuses to do so, the remedy is by a motion for a new trial. So, if the remarks are of such a character that even the intervention of the Justice is not deemed to have removed the prejudice and cured the evil, the remedy is by motion. But in any event, objection must be made at the time; if not so taken, it is considered as waived." *Knowlton* v. *Ross et al*, 114 Me., 19.

In so far as the opinion in *Stone* v. *Express Company*, 105 Me., 240, is in conflict with the cases cited above, it may be considered overruled.

Failure of plaintiffs' counsel to raise his objection at the time to the improper argument of counsel for Sawyer waived any rights that might thereby have accrued to him.

*Both motions overruled*
*in each case.*