Jacob J. Young *vs.* Madeline G. Potter.

Jennie P. Young *vs.* Madeline G. Potter.

Cumberland.       Opinion, August 10, 1934.

*Bernard A. Bove,*
*Frederic J. Laughlin,* for plaintiffs.
*William B. Mahoney,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.    Actions in tort, brought by the wife for personal injuries and by the husband for medical expense, loss of services and consortium of his wife, resulting from an automobile accident on Temple Street in Portland June 17, 1933. The jury's verdicts were for the defendant and now both cases are before us on motions and exceptions.

These actions tried together compelled the jury, it would seem, to pass upon the veracity of the litigants, for their versions of the occurrence were absolutely at variance and hopelessly irreconcilable.

The day before the accident the defendant's mother had purchased a stove in the store of Mr. Young, in which his wife was working. On the day of the accident, the stove was delivered without the pipe, which Mrs. Potter claimed was included in the purchase. This occasioned the fateful visit to the Youngs' store in a Ford two door sedan, driven by the daughter, the defendant, accompanied by her mother. Once in the store, an argument ensued between the mother and Mrs. Young in which a receipt played a part. Mrs. Young insisted on getting her copy of it, the original being at the Potter home, but the Potters, desiring to conclude the interview, Mrs. Potter remarked, "Never mind," and with her daughter went out to get into their sedan, which they had parked by the edge of the sidewalk on the right side of Temple Street.

Here the evidence forks. The defense says that the daughter stepped into the street to get in on the driver's (the left) side; that the door was locked, whereupon the mother, entering from the

sidewalk, released the catch and let the daughter in; that the driver, the daughter, before starting, then observed conditions as to traffic, both rear and front; that while she was thus engaged, the mother proceeded to close the open door on her side and when it was "about half way closed," Mrs. Potter "heard the motor going and saw Mrs. Young right on" them. The mother testified: "It was all in a flash. I had to look around to reach around for the door and when I looked up she was right there almost to the door. . . . She had her arms outstretched with the book in them. I had started to close the door before I saw her at all and had it about half closed when I saw her first;" and that Mrs. Young, although on the sidewalk, was in the path of the closing door which caught her as the car started and caused her injuries.

The plaintiffs state that Mrs. Young left the store with the book in her hand containing a copy of the receipt for the purpose of showing it to Mrs. Potter; that she advanced along the sidewalk toward the car whose door was open and extending over the sidewalk; that she put one foot on the running board, placed the book in Mrs. Potter's lap and had some talk with her in regard to the receipt; that the daughter said, "Never mind the book," and, without warning, started the car with Mrs. Young in her perilous position, hitting and causing her to be thrown to the sidewalk.

The jury, in spite of some corroboration upon the part of plaintiffs' witnesses, did not credit their statement. Some times a case appears to be too strong, and it may well be that this jury, having the advantage of seeing and hearing the parties and witnesses on the stand, decided that this was such a case. It may well have thought that Miss Potter, with full knowledge (for Mrs. Young testified that the daughter engaged in the conversation) that Mrs. Young was in part on, if not partly in, the automobile, would not have started her car, the doing of which almost necessarily would have injured the plaintiff. Such an act knowingly done would have been most culpable, heartless, and with utter disregard to Mrs. Young's rights.

The jury no doubt found, on the other hand, that Mrs. Young, excited as probably she was, and desiring to show the book to the Potters before they drove away, took a chance and hastily in undue manner put herself before the closing door just as the daughter

was in the act of starting the car and that her conduct in so doing constituted contributory negligence.

The jury may well have found that it was negligence upon the part of Miss Potter to start her car away from the curb without learning that Mrs. Young was within the sweep of the closing door; and yet also have found, as above stated, that Mrs. Young herself was contributorily negligent, which alone would bar recovery in both of these cases. These were jury facts and we are not justified in disturbing its finding of them unless the evidence manifestly shows its verdict to be wrong. It does not.

"No citation of authorities is needed to establish the proposition that when two arguable theories are presented, both sustained by evidence, and one is reflected in the jury verdict, this Court is without authority to act. It is only when a verdict is plainly without support that a new trial on general motion may be ordered." *Mizula* v. *Sawyer*, 130 Me., 428, 430, 157 A., 239. These motions for new trial must be overruled.

### EXCEPTIONS

To the refusal of the Trial Judge to give the following instructions to the jury the plaintiffs excepted.

*Exception* 1: Requested instruction: "That Mrs. Young had a right to be where she was on the sidewalk and had a right to expect that the defendant would so operate her car as not to endanger the safety of the plaintiff."

This request has two elements in it—the first, relating to Mrs. Young's rights on the sidewalk, and the second, as to the expected operation of the car by the defendant. In his charge, the Judge had specifically stated that "she (meaning Mrs. Young) had a right to be upon the sidewalk. She had a right to approach the car and stand anywhere upon the sidewalk." This language covered the first element of the request.

The second element is objectionable. One on a sidewalk who himself is in the exercise of due care has a right to expect that the driver of an automobile will so operate his car as not to endanger his safety. If a sidewalk pedestrian should see an automobile com-

ing toward him on the sidewalk and observe that its driver did not see him, still the duty of due care is his and without its exercise he has no right to rely on an expectation that the automobile would nevertheless be operated so as not to endanger his safety.

The learned counsel for the plaintiff relied on the language in *Crawley* v. *Jermain*, 218 Ill., App., 51, appearing on page 53, namely:

"*It is idle in the circumstances of this case* to contend that the plaintiff was not in the exercise of due care for her own safety; she had a perfect right to assume that the sidewalk was safe for her to walk upon . . ."

That language pertained to the facts of that particular case. It does not hold as a rule of law that regardless of contributory negligence there is a right of such expectation by the pedestrian on a sidewalk.

Reliance also was placed upon language in *Cole* v. *Wilson*, 127 Me., 317, 319, that "sidewalks are for the exclusive use of pedestrians." True, but even so, the fact that the automobile is wrongfully upon a sidewalk does not permit a pedestrian, although rightfully thereon, to be run over as a result of a combination of his own negligent act and that of the car driver and then to recover in an action of negligence, in which the plaintiff must prove not only negligence upon the part of the defendant but lack of his own contributory negligence.

This request was rightly refused.

*Exception* 2: Requested instruction: "That if, when Mrs. Young approached the defendant's car, the door was open or partly open and extending over the sidewalk, Mrs. Young had a right to assume that the defendant's car would not be started until the door was closed."

The refusal to grant this request was not error. In it an attempt was made to have the Court declare that certain facts, if they were facts sufficiently proven in the case, constituted or tended to constitute observance of due care upon the part of the plaintiff. Whether or not Mrs. Young was in the exercise of due care was purely a question of fact for the jury and if it determined, con-

sidering all of the material facts attending the accident, that she did that which the ordinarily careful and prudent person would have done in the same situation, then she was in the exercise of due care; otherwise, not. The rights of the plaintiff were sufficiently and correctly placed before the jury, without the granting of this request, when the Court charged.

"Now what were the duties on the part of Mrs. Young in order that she be in the exercise of due care: She had a right to be upon the sidewalk. She had a right to approach the car and stand anywhere upon the sidewalk. The fact that the car was parked there did not preclude her from occupying any part of the sidewalk or approaching any part of the sidewalk. It was incumbent upon her to take proper precautions and to make proper observations—to take such observations or keep the lookout that the reasonably careful person would, in view of all the circumstances. The fact that the car door was open would call for some caution on her part. If the car were starting or in the immediate operation of starting, that would be a notice to her and she would have to observe such precautions as were proper in order not to step in front of the car just as it started. In fact, she is controlled by that same rule of conduct as to observing the car—what a reasonably careful person would observe under the circumstances."

What was the justifiable effect of the open door upon the conduct of the plaintiff? For her own safety she was bound to do whatever the ordinarily careful and prudent person would do in her then situation. Complaint is made that the Judge said: "It is true that the fact that the car door was open would call for some caution on her part." Even if the Court, however, erred in making this statement (and we do not say that it did), it avails not the plaintiffs here because they took no exception to it. They expected simply to denials of requests.

The effect of the open door was purely a question of fact and depended upon all of the circumstances attending the situation. If a car were parked with its door open and extending over a portion of the sidewalk, with brakes set and no one occupying it, it would be difficult to see how such an open door "would call for some cau-

tion" on the part of the pedestrian. If, on the other hand, a pedestrian saw such a car with its open door then being closed by an occupant of the car beside whom at the wheel sat the driver and also knew or had knowledge of facts from which she should have known, in the exercise of due care, that this car was to be driven away immediately, then it can well be seen that such an open door would call for caution.

It is here to be noted that while Mrs. Young was on the sidewalk, yet she was there for the particular purpose of going to this automobile. Where she had this special knowledge it may be said to be different from as though she had no knowledge of the automobile's presence there or the intention of the driver immediately to depart with it.

The failure to grant this request was not prejudicial to the plaintiffs.

*Exception 3*: Requested instruction: "That a greater degree of care was demanded of Miss Potter as the operator of the car than was demanded of Mrs. Young, a pedestrian lawfully using the sidewalk, and the degree of care was commensurate with the danger arising from the lack of it."

By this request in effect the Judge was asked to charge the jury that the pedestrian on the sidewalk had a right as a matter of law to be less careful than the operator of the automobile. Throughout its charge, the Court had informed the jury that each had the duty of observing due care under all the circumstances. It seems to us that it should not be laid down as a rule of law that regardless of other attending circumstances that the fact that one is upon a sidewalk necessarily calls for a lesser degree of care upon his part than should be observed by the operator of the automobile. It is not a matter of comparison of the degree of care owed by each. The pedestrian on the sidewalk is guilty of negligence only if he fails to observe ordinary or due care. His conduct is comparable only with that of the ordinarily careful and prudent person who might be in his situation. Likewise, the care of the driver of the car is comparable only with the care required of a careful and prudent driver under like circumstances. This the Trial Court explained most clearly to this jury.

We are aware that cases have held that "a pedestrian has a right upon the sidewalk or other space set aside for the use of pedestrians superior to that of motor vehicles." 42 C. J., 1158, Sec. 931, and cases cited therein. But this particular request as worded did not call for a statement of law as to the relative rights of a pedestrian and a motor vehicle operator on the sidewalk but for a general declaration that the operator of the car had a greater degree of care than the pedestrian using the sidewalk. Neither had a greater degree of care than the other, although the automobile was wrongfully on the sidewalk and the pedestrian rightly there. The law required both to exercise due care under the circumstances.

Of course, the fact that an automobile is wrongfully on the sidewalk is one of the circumstances and has its bearing upon the exercise of care by him. If he has placed his car in a place not provided for cars but for pedestrians and where such pedestrians do not reasonably expect automobiles to be, then while the degree of care as such has not been affected, (for it is still due care required of him) yet to exercise such care requires an increased vigilance in the operation of his car. Why? Because the ordinarily careful and prudent person under those circumstances would be more vigilant.

On the other hand, the pedestrian, reasonably not expecting to be molested by an automobile on the sidewalk, in the exercise of due care need not take the same precaution for his own safety as against an automobile accident as though he were walking in the middle of the street.

In spite of these differences, however, the degree of care required of each as a matter of law is the same, for each is required, whether on the sidewalk or in the street, to observe the care that the ordinarily careful and prudent person would observe in his particular place under all the circumstances attending him. There is no difference of degrees of due care.

While the law of negligence on the civil side of the Court in this State knows only one degree of care, namely due or ordinary care, yet in the observance of due care differing facts necessarily change the rule of conduct of one who would perform his duty as to such care. The practice of distinguishing degrees of negligence, such as gross, ordinary and slight, tends to confusion. *Avery* v. *Thompson,* 117 Me., 120, 123, 103 A., 4; *Raymond* v. *Portland R. R. Co.,* 100

Me., 529, 62 A., 602; *Wilkinson* v. *Drew*, 75 Me., 363; *Pomroy* v. *B. & A. R. R. Co.*, 102 Me., 497, 67 A., 561; *Bacon* v. *Casco Bay Steamboat Co.*, 90 Me., 46, 37 A., 328.

" . . . In the ordinary case of negligence, involving no statutory regulation or contractual obligation with respect to the degree of care, there is a strong trend of judicial opinion against recognizing any classification of care into degrees, corresponding to the tendency to refuse to recognize the existence of degrees of negligence, the view being taken that whatever degree of vigilance, caution, and skill the circumstances may demand, the exercise thereof is merely ordinary care." 45 C. J., Sec. 50, page 680.

In *Murray* v. *Liebmann*, 231 Mass., 7, on pages 8 and 9, 120 N. E., 79, it is stated:

"The sidewalk where the plaintiff was standing engaged in conversation with a friend when he was struck and injured by the slightly overhanging spare tires carried in the defendant's motor car in an upright position on the running board formed part of the highway *in the concurrent use of which each party owed to the other the duty of due care.*" Also see *Forzley* v. *Bianchi*, 240 Mass., 36, 37, 132 N. E., 620.

The plaintiff takes nothing by this exception.

*Exception* 4: Requested instruction: "That it was negligence for Miss Potter to start her car with the right door open or partly open and extending over the sidewalk unless, at the time she did so, she observed that the sidewalk was clear of pedestrians who were in danger of being hit by the door."

The Court did not err in refusing to give this instruction because it was given sufficiently in the general charge when the Court said (after referring to the fact that the car door was open and extended to some extent over the sidewalk and stating that that called for an added precaution on her part) that:

"If she started the car, and Mrs. Young was in a position upon the sidewalk so that it was reasonably to be expected

that she would be affected by the starting of the car, and the driver of the car did not take such observations as a reasonably careful person would take in order to see what the situation was, and started the car, and by reason thereof Mrs. Young was struck by the car, then the driver was negligent. If she saw Mrs. Young there in a position, the natural result of which would be to strike her or injure her if the car was started, and she started the car, then, also, she would be negligent. But if Mrs. Young were not in such a position that her presence would be disclosed and made known to a person making the proper observation, then the failure to see her, of course, would not be negligence on the part of the driver."

*Exception 5*: Requested instruction: "That Miss Potter was bound to exercise so high a degree of diligence in observing foot passengers on the sidewalk as would enable her to control her machine or stop, if necessary, in time to have avoided a collision with Mrs. Young."

This request was rightly refused.

The Judge in his charge has stated sufficiently favorably to the plaintiffs the duty of the defendant in the operation of her automobile.

Furthermore, the request as to location of the "foot passengers on the sidewalk", together with an entire omission of attending circumstances, was too indefinite to constitute a proper instruction for the jury.

"The trial judge was not required to single out a part of all the evidence and give an instruction upon that part." *Jenkins* v. *North Shore Dye House, Inc.*, 277 Mass., 440, 444, 178 N. E., 644; *Lounsbury* v. *McCormick*, 237 Mass., 328, 337, 129 N. E., 598; *Ayers* v. *Ratshesky*, 213 Mass., 589, 593, 101 N. E., 78.

*Motions and exceptions overruled.*