Morton, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries suffered in consequence of coming into contact with an automobile *382 owned by the defendant. The answer was a general denial, a plea of contributory negligence, and an allegation that the motor vehicle in question was not under control of a person for whose conduct the defendant was responsible.
The evidence tended to show, and the trial court found as a fact, that the defendant was the owner and operator of the motor vehicle in question on May 1, 1936. In the early part of the afternoon he parked his motor vehicle on How Street in the City of Haverhill at an angle to the curb so that the right rear wheel was against the curb' and the left rear wheel about six inches therefrom; that the rear bumper projected over the sidewalk a distance of from one to one and a half feet. The sidewalk was approximately five and one-half feet in width; that the plaintiff in walking along the left side of the sidewalk, and while his attention was momentarily diverted, walked into that part of the motor vehicle projecting over the sidewalk causing the injuries complained of. The plaintiff introduced in evidence Ch. 18, Pt. 2, §15 of the Municipal Ordinances of 1919 of the City of Haverhill, a copy of which is as follows:
“No sign, sign-board, advertising device, clock, marquee, shade or awning, flag, article of merchandise or other like structure, device or thing encroaching on or projecting into or over any public way in the City of Haverhill shall hereafter be erected or maintained except on the authority of a written permit granted by the municipal council, which permit shall be revocable at any time.”
The trial court specifically found that the defendant was not negligent, and ruled that he did not violate the Ordinance above set forth, and entered a finding in his behalf.
Thereafter the plaintiff filed a motion for a new trial giving four reasons therefor, as follows: The first two, because of the ruling of the court that the defendant did not violate the Ordinance above quoted; third, that the failure *383 of the court to find the defendant guilty of negligence was an error of law prejudicial to the plaintiff; and fourth, that the rulings and findings of the court are against the law and the evidence for reasons stated in the motion. The plaintiff filed no requests for rulings. The only issues before us, therefore, are those set forth in his motion for a new trial.
The refusal of the trial court to order a new trial cannot be reviewed by this court. It is obvious that the issues raised by the motion could have been appropriately raised by requests for rulings duly filed with the court. Under these circumstances the granting of the motion was entirely within the discretion of the court, and the questions of law raised thereby were not properly before the court and are not properly before this Division.
In Energy Electric Co., Petitioner, 262 Mass. 534 Mr. Chief Justice Rugg says at pages 537-538:
“The denial of the motion for a new trial requires no lengthy discussion. Questions of law that were raised, or that might have been raised, at the trial cannot as of right be presented on this motion. The disposition of such motion commonly rests in sound judicial discretion. The statement of facts made by the judge in denying the motion for a new trial must be accepted as true because no evidence is reported. That statement demonstrates that all questions of law sought to be raised by requests for rulings on the motion for a new trial might have been made the subject of exceptions at the trial, but were not. The case at bar presents no unusual situation and comes within the authority of numerous decisions to1 the effect that no error of law was committed with respect to the denial of the motion.”
In Hallett v. Jordan, Marsh Co., 240 Mass. 110, Mr. Chief Justice Rugg says at pages 112-113:
“No exception, however, was taken to that ruling. A question of law which might have been saved at the trial on the merits cannot be raised as matter of right *384 at a motion for a new trial. The judge in denying the motion for a new trial expressed the opinion that the plaintiffs had a full and fair trial. He stated that the plaintiffs tacitly, if not expressly, assented to the limitation of witnesses in rebuttal. If objection then had been made or exception saved, a different situation might have arisen and the conduct of the trial judge might have been modified.
“There is no fact in this record which shows that there was an unfair trial. There is nothing which indicate^ an abuse of judicial discretion. The case is covered by the decision in Ryan v. Hickey, ante, 46. The principles illustrated by that decision and in the numerous authorities there collected are decisive against the present plaintiffs. They are thoroughly well settled. It would serve no useful purpose to review at greater length the facts here involved. They do not warrant the establishment of any exception to the general rule.”
In Murray v. Liebmann, 231 Mass. 7, certain conduct of the trial judge was such as to warrant the saving of an exception. No exception was taken, however, and the matter was raised for the first time upon motion for a new trial. With regard to this the court says at page 10:
“The plaintiff not having taken any exceptions at the trial and before the verdict, the question of the judge’s conduct, although assigned as one of the grounds for setting the verdict aside, is not open. . . . And, the granting or denial of the motion having been a matter of discretion, the refusal to order a new trial cannot be reviewed.”
Although it has been held that a trial court may, in its discretion, consider questions of law upon a motion for a new trial which were not duly raised at the trial of the cause, there is nothing in this report to indicate that the trial court was taking such action. There was a hearing on the motion for a new trial and it was denied without comment. Certainly no abuse of discretion appears from *385 such denial, and in consequence thereof we think that the motion was properly denied for the reasons hereinbefore stated, and moreover, that the refusal to order a new trial under these circumstances cannot be reviewed by this court, according to the opinion in Murray v, Liebmann above cited.
As there was no prejudicial error an order will be entered dismissing the report.