MARTIN EATON *vs.* ESTELLA T. MARCELLE.

ESTELLA T. MARCELLE *vs.* MARTIN EATON.

Sagadahoc.   Opinion, November 24, 1942.

*Edward W. Bridgham,*

*Harold J. Rubin,* for Martin Eaton.

*John P. Carey,* for Estella T. Marcelle.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

PER CURIAM.

These are two cross actions of negligence growing out of an automobile collision on August 16, 1941, at the intersection of High and Oak Streets in the city of Bath. The jury found for Mr. Eaton in both actions. Miss Marcelle presents motions based on the usual grounds for a new trial in each action. No exceptions were taken and so it must be assumed that proper instructions as to the applicable law were given to the jury. *Frye* v. *Kenney,* 136 Me., 112, 115, 3 A. (2d), 433.

The parties presented to the jury conflicting facts and theories as to the cause of the collision. Mr. Eaton contended that as he was approaching the intersection with due care, when some six feet therefrom, he saw Miss Marcelle's automobile coming northerly on High Street "two or three car lengths back"; that with knowledge of the stop sign on High Street he assumed that she would stop, and so he, having reached the intersection first, proceeded into it; but that she, without stopping, continued on and collided with his car when he was about two-thirds across. On the other hand, Miss Marcelle, without denial of not stopping but claiming that she slowed down and changed gears, contended that Mr. Eaton, driving at a high rate of speed, came into the intersection after she had entered it and negligently collided with her car.

The jury heard the evidence and determined the facts. It must have adopted as true Mr. Eaton's version. Where there is sufficient evidence upon which reasonable men may differ in their conclusions, the Court has no right to substitute its own judgment for that of the jury. *Frye* v. *Kenney,* supra, on page 115. To obtain a new trial the movant has the burden of proving that the jury's verdict is manifestly wrong. *Marr* v. *Hicks,* 136 Me., 33, 34, 1 A. (2d), 271; *Dube* v. *Sherman,* 135 Me.,

144, 146, 190 A., 809. Miss Marcelle has not sustained this burden.

". . . when two arguable theories are presented, both sustained by evidence, and one is reflected in a jury verdict, this Court is without authority to act. It is only when a verdict is plainly without support that a new trial on general motion may be ordered." *Mizula* v. *Sawyer et al.,* 130 Me., 428, 430, 157 A., 239; *Young* v. *Potter,* 133 Me., 104, 108, 174 A., 387. These verdicts plainly had evidential support.

*Motions overruled.*