KENNETH WYMAN
*vs.*
RAYMOND SHIBLEY

Waldo.    Opinion, March 24, 1950.

PER CURIAM.

The plaintiff herein, after a jury verdict against him, alleges in a motion for a new trial that it is against the law and the evidence and the weight of the latter.

The issue of the case is whether the defendant is liable to the plaintiff for the damage caused to a motor truck owned by him when it was in collision with one owned by the defendant.  The agency of the operator of defendant's truck is admitted.

The verdict indicates that the jury found factually that the driver of defendant's truck was not negligent or, if he was, that contributory negligence was chargeable against the plaintiff.

The authority of this court under the circumstances is strictly limited.  The verdict must stand, unless it can be said that there was no credible evidence to support it on either ground that would clear the defendant of liability. *Young* v. *Potter,* 133 Me. 104; 174 A. 387; *Eaton* v. *Marcelle,* 139 Me. 256; 29 A. (2nd) 162.  Stated in other fashion, when the evidence in a case will support either of two theories or states of fact "and one is reflected in a jury verdict, this court is without authority" to set such a verdict aside.  *Mizula* v. *Sawyer et al.,* 130 Me. 428; 157 A. 239.

It is as true in this case as in that last cited that a discussion of the evidence would be meaningless.  There was a conflict of credible evidence, sufficient either to establish or to defeat the claim of the plaintiff.  The degree of credibility to which witnesses are entitled is for a jury and not a court to decide.  *Parsons* v. *Huff,* 41 Me. 410; *Kimball* v.

*Cummings,* 144 Me. 331; 68 A. (2nd) 625. The jury made its election as to what should be accepted as true.

*Motion overruled.*

*Clyde R. Chapman,* for plaintiff.

*James E. Mitchell,*
*H. H. Buzzell,*
*James M. Coyne,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.