PETER B. JENNESS
*vs.*
RALPH T. PARK

Androscoggin.    Opinion, October 30, 1950.

PER CURIAM.

The plaintiff herein, after a jury verdict against him, alleges in a motion for a new trial that it is against the law and the evidence and against the weight of the evidence.

The issue in this case was whether or not the defendant committed an assault and battery on the plaintiff. It should be stated that the record discloses no exceptions and so it must be presumed that the jury which heard the case was properly instructed as to the applicable law.

We have many times stated that the authority of this court under such circumstances as set forth is strictly limited. The verdict must stand unless it can be said that there was no credible evidence to support it. See *Young* v. *Potter*, 133 Me. 104, 174 A. 387; *Eaton* v. *Marcelle*, 139 Me. 256, 29 A. (2nd) 162. Stated another way, the general rule is that when the testimony is conflicting, the verdict must stand. It was pointed out by our court in *Moulton* v.

*Sanford & Cape Porpoise Railway Company,* 99 Me. 508, 59 A. 1023, that conflict of testimony cannot be said to arise simply because one witness testifies contrary to another. We said, in that case, speaking of the general rule:

> "It means that there must be substantial evidence in support of the verdict,—evidence that is reasonable and coherent and so consistent with the circumstances and probabilities in the case as to raise a fair presumption of its truth when weighed against the opposing evidence."

We also said in *Mizula* v. *Sawyer et al.,* 130 Me. 428, 430, 157 A. 239:

> "No citation of authorities is needed to establish the proposition that when two arguable theories are presented, both sustained by evidence, and one is reflected in a jury verdict, this Court is without authority to act."

See also *Wyman* v. *Shibley,* 145 Me. 391, 72 A. (2nd) 451. In the instant case there is a conflict of credible evidence sufficient either to establish or to defeat the claim of the plaintiff. The weight of credibility of witnesses is for the jury and not for the court to decide. See *Parsons* v. *Huff,* 41 Me. 410; *Kimball* v. *Cummings,* 144 Me. 331, 68 A. (2nd) 625.

The jury in the instant case made its selection as to what should be accepted as true and its decision is final.

*Motion overruled.*

*McLean, Southard & Hunt, and*
*Frank M. Coffin,* for plaintiff.

*John G. Marshall,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, JJ. WILLIAMSON, J., sat at the argument but did not participate in the opinion.