FLOYD E. COLBATH

*vs.*

BRYANT A. KENT

Penobscot.    Opinion, August 18, 1953.

PER CURIAM.

This case is before the Law Court on motion for a new trial filed by the defendant after a jury verdict for the plaintiff at the January 1953 Term of the Superior Court for Penobscot County.

The plaintiff sued for damages resulting from a collision between his 1950 GMC truck with Dorsey trailer and a V-Type caterpillar tractor snowplow having two wings each eight feet long operated by the defendant, who claimed that not only was he not negligent but also that plaintiff was guilty of contributory negligence. In other words, this court is asked to decide disputes upon questions of fact. As we view the case, it is unnecessary to review the facts except to state that the evidence, as is usual, in this type of action, was conflicting. No errors of law were claimed. The record, which included the charge of the presiding justice, to which no exceptions were taken, has been carefully examined by us and we conclude, as we have in many recent cases, that this court is not a tribunal of the first instance having authority to hear and decide disputes upon questions of fact. Our power is limited to decisions of the question whether the verdict is so plainly contrary to the evidence that manifestly the jury was influenced by prejudice, bias, passion or mistake. Otherwise, its findings of facts are binding upon this court. See *Witham* v. *Quigg,* 146 Me. 98, 102, 77 A. (2nd) 595, and cases cited. We have many times stated the principles of law applicable to a case of this nature and it hardly seems necessary to reiterate the rule so well known and so consistently applied by our courts. As we said in

*Witham* v. *Quigg, supra,* the burden of proving to the satisfaction of the court that the verdict was manifestly wrong is upon the one seeking to set it aside. The record shows that there was ample credible evidence on behalf of the plaintiff which would support the decision of the jury on the questions of fact appearing in this case and when the further rule of law is applied, to wit, that the credit of the testimony of the witnesses of the plaintiff was for the jury and not for this court to decide, see *Jenness* v. *Park,* 145 Me. 402, 76 A. (2nd) 321, and cases cited, we come to the conclusion, as we have many times before, that this court, sitting as a court of law, is without right to disturb the verdict of a jury which has heard the evidence on questions of fact where the record shows that no bias, prejudice or other errors of law or fact appear which would permit this court to take action. It, therefore, follows that the motion for a new trial must be overruled.

*Overruled.*

*Harry Stern,* for plaintiff.

*Burton G. Shiro,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.