SERGY LYSCHICK

*vs.*

JOSEPH WOZNEAK

Penobscot.   Opinion, October 5, 1953.

*Edward Stern,* for plaintiff.

*Wendell R. Atherton,*
*Albert H. Winchell,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ., MURRAY, A. R. J.

TIRRELL, J.   This is an action of trespass brought under R. S., 1944, Chap. 88, Sec. 15, which provides for Liability for Damages by Dogs.

After trial, a verdict was rendered for the plaintiff for $250, and defendant alleges in a motion to set aside the verdict and grant a new trial, that the verdict is against law, against the evidence, against the weight of the evidence, and the damages are excessive.

The record discloses no exceptions.  Therefore it must be presumed that the jury which heard the case was properly instructed as to the law.

This court is limited in its authority under such circumstances as are set forth by defendant's motion. The verdict must stand unless it can be said that there was no credible evidence to support it. See *Peter B. Jenness* v. *Ralph T. Park,* 145 Me. 402.

The general rule is that when the testimony is conflicting, the verdict must stand. *Andrew J. Moulton* v. *Sanford & Cape Porpoise Railway Company,* 99 Me. 508, 59 A. 1023; *Josephine Mizula, Pro Ami* v. *Emma M. Sawyer, et al.,* 130 Me. 428, 430, 157 A. 239; *Kenneth Weyman* v. *Raymond Shibley,* 145 Me. 391, 72 A. (2nd) 451.

There is conflicting testimony in this case. The weight of testimony and the credibility of witnesses are to be determined by the jury and not by the court. This court cannot say that the amount of damages awarded by the jury is clearly excessive.

*Motion overruled.*