AGNES J. FOSSETT, GEORGE M. FOSSETT, DOROTHY PAYNE, HELEN J. SOUZA AND JOSEPH SOUZA

*vs.*

RICHARD DURANT

York. Opinion, February 28, 1955.

*Robert M. York,*
*Julian G. Hubbard,* for plaintiff.

*William H. Clifford,*
*John J. Connor, Jr.,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

TIRRELL, J.   The cases presented to this court are all on motions for a new trial. There are five cases involved, all of the cases having been tried together in the Superior Court. The plaintiffs allege in their writs that the injuries claimed to have been received by them or the damages resulting from such injuries were solely the result of the rear-end collision between two automobiles, to wit, one operated by plaintiff, George M. Fossett, and the other by the defendant.

The plaintiff, George M. Fossett, was the owner and driver of the car in which all of the plaintiffs were riding. The defendant, namely Richard Durant, at the time of the trial at least, was a minor, and the court on motion appointed a guardian *ad litem* in his behalf.

Agnes J. Fossett, one of the plaintiffs, whose case we will first consider, is before us "on motion of plaintiff because it is against the evidence, because it is manifestly against the weight of the evidence, and because the damages are inadequate." The issue in these cases is whether or not the verdicts are substantially wrong.

George M. Fossett, the second plaintiff, at the time of the accident, was the owner of one of the automobiles involved in the rear-end collision. For the sake of convenience we will first consider the case of Agnes J. Fossett in which the jury returned a verdict in her favor of $100. There is no question but that sometime on the afternoon of the alleged

accident Agnes J. Fossett, wife of the plaintiff, George M. Fossett, received serious injury, namely a fracture on the right side of the pelvis. The jury returned a verdict in her case of $100. It would appear at first glance that this amount was entirely inadequate. However, the defendant contended, and presented evidence, that after the rear-end collision of the two automobiles Mrs. Fossett was struck by another automobile after she had alighted from the vehicle in which she was riding and when she was crossing the highway. This other car was travelling in the opposite direction. The question then before the jury was as to whether or not and how much injury Mrs. Fossett received as a result of the collision between the car in which she was riding and the car operated by the defendant. The verdict as rendered by the jury, namely for the plaintiff, was in the amount of $100. It is the purpose of a jury to decide questions of fact. Questions of fact were before the jury in this case. Therefore the jury was within its province when it made its decision as to when and how the plaintiff was injured.

The power of this court to grant new trials is limited to decisions on the question as to whether the verdict of the jury is so plainly contrary to the evidence that manifestly it was influenced by prejudice, bias, passion or mistake; otherwise its findings of fact are binding upon this court. *Witham* v. *Quigg*, 146 Me. 98, at 102, 77 A. (2) 595.

In the present case the question for the weight of any testimony given was plainly within the province of the jury unless it is shown that the jury was activated by improper motives. In the case of *Rawley* v. *Palo Sales, et al.*, 144 Me. 375, 70 A. (2) 540, the court said:

> "This court cannot say that the verdict here is clearly wrong. There is competent evidence on which reasonable men might differ in conclusions . . . It certainly has not been shown to the court

that there was 'prejudice, bias, passion or mistake'. *Jannell* v. *Myers*, 124 Me. 229."

See also *Lessard* v. *Sherman Corp.*, 145 Me. 296, at 297, 75 A. (2) 425:

"It hardly seems necessary to reiterate the rule, so well known and so consistently applied in this state, that the jury is the arbiter of the facts and that this is a court of law which will not interfere with a jury's verdict unless it is clearly and manifestly wrong."

It is well settled law in this state that the burden of proof to show that the verdict is manifestly wrong is on the party seeking to set such verdict aside. See *Witham* v. *Quigg*, *supra*, at page 103; *Fotter* v. *Butler*, 145 Me. 266, at page 269.

When a motion for a new trial is before this court the evidence in the case must be looked upon in the light most favorable to the successful party involved in the trial by jury. *Bragdon* v. *Shapiro*, 146 Me. 83, at page 84. The evidence in the instant case, namely that of Agnes J. Fossett, presented to the jury such facts from which they might decide as to whether all of the injuries of the plaintiff were due to the collision of the two automobiles first involved in the accident or whether the plaintiff received some of her injuries as a result of being struck by the second car being operated by one other than this defendant.

It is therefore apparent to the reader of the record containing the transcript of the testimony that the jury decided that the more serious injuries of the plaintiff should have been attributed to her being struck by a vehicle proceeding in the opposite direction from the one in which she had been riding, when she was crossing the highway after having been in the collision. The jury, as triers of the facts, had the right to determine in what manner the plaintiff, Agnes J. Fossett, received her injuries. If the evidence in a case of

this nature presents only a question of fact to the jury concerning which intelligent and conscientious men may differ, this court will not substitute its judgment for that of the jury. *Lange* v. *Goulet,* 144 Me. 16, at page 17.

In the trial of this case two theories were presented. The findings of the jury are reflected in its verdict. Therefore this court cannot act. *Brown* v. *McCaffrey, et al.,* 143 Me. 221; *Jenness* v. *Park,* 145 Me. 402.

This court, in considering a motion for a new trial, will not disturb a jury's verdict unless there is a moral certainty that the jury erred. This rule of law is so well known that no citations are necessary and the same statement of law is contained in the cases previously cited.

Therefore the motion of Agnes J. Fossett is denied.

We will now turn to consideration of the case of George M. Fossett in which he attempts to have damages awarded to him. The motion for a new trial by George Fossett, the husband of Agnes J. Fossett, whose case we have previously decided, is based on these same grounds, namely because it is against evidence and because it is against the weight of the evidence. The verdict in this case was for the defendant. The declaration in Mr. Fossett's writ is to the effect that his wife, allegedly having received injuries in the collision of the two cars before referred to, it became necessary that she receive medical, surgical and hospital care and attendance, and that he had been deprived, *solely* by reason of said injury, of the consort, society and companionship of his wife, and that in addition he, being the husband of the said Agnes J. Fossett, and as a result thereof did incur great and substantial medical, surgical and hospital bills and expense, and that he will in the future be compelled to incur and expend large sums of money for her medical, surgical and hospital care and attention.

Having decided that the jury verdict in the case of Agnes J. Fossett should not be disturbed because it is reflected in the findings of fact concerning her, and having decided that the injury received by her was only to the value of $100, it is the opinion of this court that the jury considered her injury attributable to the first collision to be of only $100 value, that the plaintiff, George M. Fossett, was due nothing from this defendant because of the alleged loss of his wife's services or his expenditures in her behalf by reason of the first accident, and therefore the verdict of the jury should not be and is not disturbed, namely in favor of the defendant. In a suit by a husband for damages consequent to his wife's injury where no loss or expense is shown, verdict is properly for the defendant. "Loss and expense sustained by him are not merely items of damages, but are essential to the cause of action itself." 27 Am. Jur. 102, sec. 503.

In the case docketed as *Dorothy Payne* v. *Richard Durant* we find that she also was involved not only as a passenger in the Fossett car but also as a pedestrian attempting to cross the main highway, and that the jury from the evidence could have found that she was in the same position, and the same rules apply, as in the case of *Agnes J. Fossett* v. *Richard Durant*. Her motion, namely that of Dorothy Payne, therefore is denied.

Mrs. Helen J. Souza was not involved in the second collision and the defendant does not contend that any injuries she received were not received in the first collision, although issue was taken as to the extent of the severity of those injuries. The jury returned a verdict in her favor in the amount of $220. The question involved in this case is confined solely to the inadequacy of the damages awarded.

Mrs. Souza brought suit against the defendant for personal injuries with an *ad damnum* of $15,000.

It is not disputed by the defendant that Mrs. Souza was in the Fossett automobile when it was struck by the automobile operated by the defendant. The testimony in this case of the experts, namely the osteopathic physician and the medical doctor, differs. A doctor called on behalf of the plaintiff admitted that he felt that her condition was not very serious. X-rays taken of her coccyx appeared to be negative. The medical testimony given in behalf of the plaintiff alluded to the complaints of the plaintiff and was to the effect that they were mainly subjective. It is therefore, in this case, a matter of fact to be decided by the jury as to the extent of the plainiff's injuries.

When the evidence discloses that in the trial below two arguable theories are presented, both sustained by evidence, and one is reflected in the verdict, the Law Court cannot act. *Brown* v. *McCaffrey, et al.,* 143 Me. 221, 59 A. (2) 702; *Jenness* v. *Park,* 145 Me. 402, 76 A. (2) 321.

In considering a motion for a new trial the court will let the verdict of the jury stand unless there is a moral certainty that the jury erred. *Josselyn* v. *Dearborn, et al.,* 143 Me. 328, at page 339, 68 A. (2) 174.

This court will not disturb the findings of a jury when there is reasonable evidence to justify the verdict reached by the jury. This theory of the law has been set forth so many times by this court that it serves no purpose to cite cases already decided by us to which reference may be had.

The motion therefore in this case, namely *Helen J. Souza* v. *Richard Durant,* is denied.

In the suit of Joseph Souza against this defendant the allegations are for loss of services of his wife and the medical bills incurred by her for which he would be liable. His recovery is dependent upon the wife's injuries and the amount shown as paid by Joseph Souza is $17. The jury returned a verdict in favor of Mr. Souza in excess of the

amount shown by him for medical attention. There is in the record no evidence to show that Mr. Souza paid out any other medical bills on behalf of his wife nor is there any evidence of his spending any money due to his wife's injury other than the $17.

The docket entry in each and every case which we have before us must be

*Motion denied.*