Cecile M. AVERY

v.

James L. BROWN.

Supreme Judicial Court of Maine.

March 15, 1972.

Julian G. Hubbard, Seymour Nathanson, Portland, for plaintiff.

Richardson, Hildreth, Tyler & Troubh, by Harrison L. Richardson, Robert L. Hazard, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, and WERNICK, JJ.

DUFRESNE, Chief Justice.

Plaintiff and defendant were the operators of motor vehicles which collided at a multi-way traffic-controlled intersection in the City of Portland, Maine. Trial of plaintiff's complaint seeking compensation for her ensuing personal injury and property damage resulted in a jury verdict of six hundred ($600.00) dollars. The jury, under court instructions, first found that the total damages recoverable by Mrs.

Avery were in the amount of seven hundred and thirty-one ($731.00) dollars. The reduced verdict was made in compliance with the comparative negligence statute applicable at the time of the accident.[1] In answer to a special interrogatory under M.R.C.P., Rule 49, the jury indicated unanimity.[2]

Dissatisfied with the verdict and ensuing judgment, the plaintiff seasonably filed with the Court below, under M.R.C.P., Rule 59, a motion for a new trial on all the issues in the case or in the alternative for the allowance of a fair and just additur to the judgment, the plaintiff's contention being that "[i]n analyzing the amount as awarded and set forth in the Judgment as returned by the jury it would seem to be clear that the smallness of the verdict was reached by the methods of compromise." The Justice below denied the motion. Plaintiff appeals to this Court. The appeal is denied.

The trial Court's order denying plaintiff's motion for a new trial on the ground of inadequate damages is reversible in appellate review after judgment, only upon a showing of clear and manifest abuse of discretion on the part of the trial judge. MacLean v. Jack, 1964, 160 Me. 93, 198 A. 2d 1.

As a general rule the assessment of damages is within the sole province of the jury. Where, however, the smallness of a verdict shows that the jury have disregarded the testimony or acted under some bias, prejudice, or improper influence, or reached its verdict as a result of compromise, a new trial will be granted. Domenico v. Kaherl, 1964, 160 Me. 182, 200 A.2d 844; Bergeron v. Allard, 1957, 152 Me. 297, 128 A.2d 848.

It would serve no general beneficial purpose to enter upon a full analysis of the evidence bearing upon the question at issue in the instant case. We have reviewed the whole record to determine whether the Justice below, in the exercise of a sound judicial discretion, could have concluded that the jury verdict was not manifestly wrong.

The burden of proof to show that the jury verdict and ensuing judgment are manifestly wrong is on the party seeking to set them aside. See, Fossett v. Durant, 1955, 150 Me. 413, 113 A.2d 620; Neal v. Linnell, 1960, 156 Me. 1, 157 A.2d 231.

The verdict of a jury is entitled to great respect and will stand unless it is so manifestly and palpably wrong that it is contrary to right and justice. Such manifest error exists, when the evidence, with all reasonable inferences drawn therefrom, viewed in the light most favorable to the jury's finding, clearly indicates that the jury could not have reached the conclusion they did, unless they disregarded the evidence, erroneously applied the law, or

1. 14 M.R.S.A., § 156. Comparative negligence

"Where any person suffers death or damage as a result partly of his own fault and partly of the fault of any other person or persons, a claim in respect of that death or damage shall not be defeated by reason of the fault of the person suffering the damage, but the damages recoverable in respect thereof shall be reduced to such extent as the jury thinks just and equitable having regard to the claimant's share in the responsibility for the damage.

"Where damages are recoverable by any person by virtue of this section, subject to such reduction as is mentioned, the court shall instruct the jury to find and

record the total damages which would have been recoverable if the claimant had not been at fault, and further instruct the jury to reduce the total damages by dollars and cents, and not by percentage, to the extent deemed just and equitable, having regard to the claimant's share in the responsibility for the damages, and instruct the jury to return both amounts with the knowledge that the lesser figure is the final verdict in the case. . . ."

2. Under 14 M.R.S.A., § 1354 in effect at the time of trial of the instant case, 9 or more jurors could agree on the verdict and return it into court as the verdict of the jury.

permitted their judgment to be governed by prejudice, passion, corrupt motives or unlawful compromise.

In reviewing the denial of the motion for a new trial in this case, we must take note that the parties had stipulated to the jury that the damages to plaintiff's automobile arising from the accident were in the amount of three hundred ($300.00) dollars. The jury could reasonably find from the evidence that the plaintiff, who at the time of the accident was 74 years of age and a practical nurse, was suffering from a pre-existing arthritic condition in the cervical spine and that her medical treatment following the accident and the pain and physical discomfort to which she was subjected, were in the most part due entirely to her physical condition of progressive degenerating arthritis, which, according to defendant's expert witness, was totally unrelated to the accident and wholly unaffected by it. Neither of plaintiff's medical witnesses had the benefit of X-rays as a diagnostic aid, nor were they orthopedic specialists.

The Justice below concisely and properly summarized the defendant's evidence in support of the jury verdict, when he stated:

"The Defendant offered Dr. Crane, an admitted orthopedic specialist, who examined the Plaintiff on December 18, 1969 and had her neck X-Rayed from two angles. Knowing her history, he found she had a full range of neck motion, no spasm, no tenderness, but osteo-arthritis, normal for a woman of her age. He was aware of the duties her occupation required and felt she could do these. The X-Rays indicated a normal alignment of the cervical spine in either flexion or extension. Briefly, for a woman of the Plaintiff's age, he found her to be normal.

"The Jury was instructed, without objection, on the necessity for the existence of a causal relationship between the accident and the injuries complained of. Based on Dr. Crane's testimony, the Jury could have believed that her present condition was not caused by the accident."

Dr. Crane, it is true, testified that the X-rays led him to believe that Mrs. Avery had sustained a severe sprain of the neck as a result of the accident. He stated Mrs. Avery disclosed as part of the history she gave him that she was out of work for a month and then partially incapacitated for another month. Plaintiff's earning capacity, however, was severely contested through evidence of earnings which, in the year of the accident and the years prior and subsequent thereto, were small. The jury may have disbelieved Mrs. Avery when she claimed that she was earning eighteen ($18.00) dollars a day at the time of the accident. Except for her own testimony, this evidence stood uncorroborated. What income might have been received was somewhat in the realm of speculation.

The medical testimony was in complete disagreement. The first doctor called on behalf of the plaintiff supports the jury view that the injuries suffered in the accident were not very serious. The jury could reasonably attribute her continued complaints and medical treatment by the second treating physician to her osteo-arthritis causally unconnected with the accident.

■ Where the evidence in the instant case discloses that two arguable reasonable theories were presented to the jury for adoption, both being sustained by credible evidence, and one is reflected in the verdict, it would have been an abuse of discretion for the Justice below to override the jury decision and set aside the verdict. The degree of credibility to which witnesses are entitled is for the jury and not the court to decide. Jenness v. Park, 1950, 145 Me. 402, 76 A.2d 321; Barlow v. Lowery, 1948, 143 Me. 214, 220, 59 A.2d 702, 706; Fossett v. Durant, supra.

■ While the amount of the verdict appears comparatively small, there is noth-

ing to indicate that it was not a well reasoned and considered judgment. A court will not interfere with a verdict that seems somewhat large, if it be within the bounds of reason. Davis v. Tobin, 1933, 131 Me. 426, 434, 163 A. 780. Similarly, while a verdict might seem somewhat small, if it is supported by credible evidence, the court has no right to set it aside.

■ Absent any showing that the jury disregarded the evidence or acted under some bias, prejudice or improper influence, or reached its verdict as a result of compromise, the Justice below was not in error when he denied plaintiff's motion for a new trial. Plaintiff failed to sustain her burden of proof that the action of the Justice below was a clear and manifest abuse of discretion.

While the appeal was pending in the Law Court and before oral arguments, the plaintiff-appellant filed with this Court a motion requesting that the defendant-appellee or his counsel be directed to pay the cost of producing counter-designated unnecessary parts of the record. Although the appellant has referred to Rule 74(g) as the source of power whereby the Law Court may withhold or impose costs on the offending party who includes or causes to be included in the record matters not essential to the decision of the questions presented by the appeal, we rule that she is entitled to relief under Rule 74(e), M.R. C.P.[3]

We agree that the appellee, in the exercise of his rights to counter-designate additional portions of the record, proceedings, and evidence to be included in the record on appeal under M.R.C.P., Rule 74(a), violated the brevity requirements which Rule 74(e) imposes upon all parties to an appeal

in unmistakable terms. What matters may be non-essential to the decision of the issues on appeal may at times be difficult to resolve, but there should have been no problem in the instant case.

The only issue on appeal was the propriety of the denial by the trial judge of appellant's motion for a new trial on the ground of inadequate damages, or, in the alternative, to order a reasonable additur to the recorded judgment.

■ Included in this record because of express counter-designation by the appellee are the following immaterial matters:

1) *Opening statements and closing arguments of both the plaintiff's and defendant's counsel.* For some unexplained reason, the argument of appellee's counsel was not reproduced. Absent any prejudicial statement therein made the subject of objection, the opening statements of counsel were plainly extraneous to the question on appeal. The record was thus unnecessarily expanded by 7 pages of the opening statements [pages A through F including page C1]. See, Layne-Minnesota Co. v. City of Beresford, S. D., 1949, 8 Cir., 175 F.2d 161. Even though a motion for mistrial was made by the appellee and denied by the Court respecting certain aspects of the argument of the appellant's counsel to the jury, the appellee did not pursue his grievance, if any there was, in cross-appeal. On the issue before this Court on appeal, argument of counsel was unquestionably irrelevant. This unnecessary matter extended the record by 21 pages [pages 203 through 223].

2) *The charge of the Judge to the Jury.* Although the appellant had designated as a portion of the contents of record the testimony taken out at the time of trial, by

---

3. Rule 74. *Record on appeal to the law court*

   (e) *Record to be Abbreviated.* All matter not essential to the decision of the questions presented by the appeal shall be omitted. Formal parts of all exhibits and more than one copy of any documents shall be excluded. Documents shall be

abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule the Law Court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties.

designating as additional contents *"the entire record of this case"*, the appellee caused to be reproduced the judge's charge to the jury, to which neither party raised any objections. This introduced in the record 38 pages of inessential matter in direct opposition to rule requirements, [pages 224 through 260 including page 243a].

3) *Defendant's interrogatories propounded to the plaintiff and her answers thereto.* Answers to interrogatories may be used at trial in accordance with Rule 26(d), M.R.C.P., to impeach a party's testimony or as substantive evidence against him, but their consideration for any purpose, so far as trial is concerned, depends on a formal offer at trial that they be admitted in evidence. This was not done in the instant case. See, Maine Civil Practice, Field, McKusick and Wroth, § 33.8, n. 40. This added ten pages [22a through 32a] of irrelevant matter. It is true that the appellant had initially violated the rule by designating for the record on appeal the interrogatories which she had propounded to the appellee-defendant and the answers thereto. Transgression of the rule by one party does not relieve the other party of his own obligations; we expressly reprimand plaintiff's counsel for his initial disregard of the rule.

We cannot, however, ignore defendant's substantial noncompliance with Rule 74(e), promulgated to save expense to litigants, prevent waste of the Court's time, and keep the appellate channel free from unnecessary and obnoxious spurious interference. Sanctions may serve to discourage like conduct in the future. See, Washington Coca-Cola Bottling Works v. Tawney, 1956, 98 U.S.App.D.C. 151, 233 F.2d 353; Sivertsen v. Guardian Life Insurance Company of America, 1970, 4 Cir., 423 F.2d 443.[4]

In summary, the defendant unnecessarily caused the plaintiff the expense of reproducing the following irrelevant matter: Seven (7) pages of the opening statements of both counsel; twenty-one (21) pages of the argument of appellant's counsel to the jury; thirty-eight (38) pages of the judge's charge to the jury; and ten (10) pages of defendant's interrogatories propounded to the plaintiff with her answers thereto.

The entry will be

Appeal denied.

Usual costs to be taxed against the plaintiff as the unsuccessful party under Rule 76, M.R.C.P., except that the Clerk of this Court shall tax against the defendant-appellee in favor of the plaintiff-appellant the costs to her of reproducing in the record on appeal the pages of immaterial matter as hereinbefore stated, all consistent with this opinion.

All Justices concurring.

ARCHIBALD, J., did not sit.

4. Rule 75(e) of the Federal Rules of Civil Procedure, which was identical to our present Rule 74(e), M.R.C.P., has now been abrogated and the appellate procedure respecting counter-designation presently followed in the federal system by reason of Rule 10(b) of the Federal Rules of Appellate Procedure, is as follows:

"If the appellee deems a transcript of other parts of the proceedings to be necessary he shall, within 10 days after the service of the statement by the appellant, file and serve on the appellant a designation of additional parts to be included. *If the appellant shall refuse to order such parts, the appellee shall either order the parts or apply to the district (trial) court for an order requiring the appellant to do so.* At the time of ordering, a party must make satisfactory arrangements with the reporter for payment of the cost of the transcript." (Emphasis supplied.)