Charles BINETTE et al.

v.

Jane DEANE.

Supreme Judicial Court of Maine.

Aug. 21, 1978.

Harvey & Harvey by Richard P. Sullivan (orally), Theophilus Fitanides, Biddeford, for plaintiffs.

Hewes, Culley & Feehan by Richard D. Hewes (orally), George W. Beals, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

The plaintiffs appeal from a final judgment entered against them below on the grounds that the trial court erred in denying their motion for a new trial.

We deny the appeal.

During the evening of February 10, 1973, plaintiff Charles Binette, his wife and their two-year-old son Leo were proceeding south in his automobile on U.S. Route 1 in Saco, Maine. He stopped his vehicle near the center of the roadway in order to make a left-hand turn off Route 1 onto a side street. While waiting for the oncoming traffic to pass before he turned, his car was struck in the rear by an automobile being driven by the defendant.

Mr. Binette's car suffered little apparent damage and was driven by him from the accident scene after the police investigation was completed. Mrs. Binette and their son Leo were taken by ambulance to a local hospital for examination and treatment. They were released later that evening and taken home by Mr. Binette. Subsequent to the accident all three members of the Binette family received medical treatment from a local orthopedic surgeon for "*whiplash*"-type injuries sustained in the accident. Certain medical expenses were incurred and will be considered more fully in our discussion of the damages issue below.

The plaintiffs, Charles Binette, Claire Binette and Leo Binette, brought an action against the defendant seeking damages for injuries suffered as a result of her alleged negligent operation of a motor vehicle. The matter was tried before a jury in Superior Court in York County on November 16, 1976. After hearing the testimony of witnesses and argument of counsel, the jury was instructed by the Court and presented with special interrogatories.

The jury rendered its special verdict as follows:

(1) Both the defendant, Jane Deane, and the plaintiff Charles Binette were guilty of negligence which proximately caused or contributed to the accident and to plaintiff's damages. Moreover, because the plaintiff's negligence was equal to the negligence of the defendant, he was entitled to no compensation for his injuries.

(2) The defendant, Jane Deane, was liable in damages for injuries caused to the plaintiff Claire Binette in the amount of $142.50.

(3) The defendant, Jane Deane, was liable in damages for injuries caused to the plaintiff Leo Binette in the amount of $125.00.

Judgment was entered in accord with the jury's verdict.

The plaintiffs filed a Motion for Judgment N.O.V. or in the alternative Motion for New Trial or Additur. The trial court denied the motions and the plaintiffs pursued their appeal from the final judgment to this Court.

The plaintiffs contend that the trial court's denial of their motion for a new trial was erroneous. First, they assert the evidence is insufficient to support the jury's verdict that Charles Binette was guilty of negligence which proximately caused the accident and which was equal to the negligence of the defendant. Second, they assert the damages awarded by the jury to Claire and Leo Binette were inadequate and the result of a compromise.

We hold that the trial court's denial of the plaintiffs' motion for a new trial was a proper exercise of its discretion and affirm the judgment below.

■ The scope of this Court's review of a trial court's disposition of a motion for a new trial is very limited.

*In deciding the correctness of the action taken by the presiding Justice we cannot substitute our judgment for his. His order may be reversed by us only* "in the event that a clear and manifest abuse of discretion on the part of the trial judge is shown." *Chenell v. Westbrook College,* Me., 324 A.2d 735, 737 (1974).

We now separately consider each of the plaintiffs' grounds for alleged error in order to determine whether the trial court's denial of their motion for a new trial was "*a clear and manifest abuse of discretion.*"

1. Negligence of Charles Binette

Mr. Binette claims that the evidence was insufficient to support the jury's verdict that he was guilty of negligence which proximately caused the accident and was equal to the negligence of the defendant. He quotes the rule

*that the burden of proving the causal negligence of the tortiously injured party now falls upon his adversary, who must support this burden by a fair preponder-* ance of the evidence. Crocker v. Coombs, Me., 328 A.2d 389, 392 (1974).

Mr. Binette argues that there is no evidence from which the jury could reasonably determine by a fair preponderance of the evidence that he was causally negligent.

Assuming without deciding that the issue is reviewable[1] by this Court, we find no error in the trial court's denial of the plaintiff's motion for a new trial on this ground.

■ Upon a motion for a new trial, the movant *"must show that the jury verdict was so manifestly or clearly wrong that it is apparent that the conclusion of the jury was the result of prejudice, bias, passion, or a mistake of law or fact." Kennebec Towage Co. v. State,* 142 Me. 327, 334, 52 A.2d 166, 169 (1947). *"The verdict must stand unless there is found in the record no credible evidence to support it." Larsen v. Lane,* 156 Me. 66, 68, 158 A.2d 759, 760 (1960). Moreover, on a motion for a new trial, the evidence must be viewed in the light most favorable to the successful party. *Fossett v. Durant,* 150 Me. 413, 416, 113 A.2d 620, 622 (1955).

The conflict in the evidence concerning Mr. Binette's negligence basically involved the question whether he had activated his left directional light when he stopped to make a left turn onto the side street. Both Charles Binette and Claire Binette testified that he had engaged his directional signal at the time he intended to turn. On the other hand, the defendant testified that she saw no signals from the Binette car. Apparently, the jury chose to believe Ms. Deane, and considered Mr. Binette's failure to signal as negligence which contributed to the ensuing collision.

■ A failure by Mr. Binette to provide a turn signal under the circumstance would be a violation of 29 M.R.S.A. § 1191. *"Failure to give the warning signal when required is prima facie negligence." White v. Schofield,* 153 Me. 79, 87, 134 A.2d 755, 759 (1957). The defendant's testimony that she saw no directional signal from the Bi-

1. *See Souza v. Bangor Hydro-Electric Co.*, Me., 391 A.2d 349 (1978).

nette car was sufficient to place that issue before the jury. Since a jury question as to Mr. Binette's causative negligence was presented, the comparative fault of the parties was a matter *exclusively* for the jury. 14 M.R.S.A. § 156 (Comparative Negligence Act); *Ferguson v. Bretton,* Me., 375 A.2d 225, 227 (1977). We find no reason to disturb the jury's verdict in this case.

> *Where the evidence . . . discloses that two arguable reasonable theories were presented to the jury for adoption, both being sustained by credible evidence, and one is reflected in the verdict, it would have been an abuse of discretion for the Justice below to override the jury decision and set aside the verdict. The degree of credibility to which witnesses are entitled is for the jury and not the court to decide. Avery v. Brown,* Me., 288 A.2d 713, 715 (1972).

### 2. Adequacy of Damages

The plaintiffs next contend that the trial court's denial of their motion for a new trial was erroneous because the damages awarded by the jury were inadequate and were the result of compromise.

■ Our scope of review on this issue is as limited as it was for the previous issue.

> *The trial Court's order denying plaintiff's motion for a new trial on the ground of inadequate damages is reversible in appellate review after judgment, only upon a showing of clear and manifest abuse of discretion on the part of the trial judge. Avery v. Brown, supra* at 714.

We find no such abuse of discretion in the trial court's denial of the plaintiffs' motion for a new trial.

Although considerable testimony was presented concerning the nature, extent, and treatment for the injuries sustained by Claire and Leo Binette, the record contains little concerning the issue of damages. In their pre-trial memorandum, the plaintiffs proposed *"that the Defendant stipulate that all medical and hospital bills incurred as a result of the accident be admitted without objection and are fair and reasonable."*

The trial court's pre-trial order includes the note: *"Medical bills agreed to be reasonable and fair. Causation left to proof."*

During the trial Mrs. Binette testified that she suffered and continues to suffer pain and discomfort in her neck and head; and, that she experienced difficulties in the performance of her household chores, as a result of the accident. However, she admitted, upon cross-examination, that she had previously injured her back in a fall at work in 1968. Leo Binette also testified that he experienced pain in back of his head and neck. Finally, the Binettes' physician testified that he had examined the members of the family and had provided treatment for Mr. and Mrs. Binette and their son Leo for *"whiplash"* injuries apparently sustained in the accident.

At the close of the testimony, the plaintiffs' attorney introduced three exhibits. Two of the exhibits were copies of billing statements addressed to Mr. Charles Binette for medical services rendered for his son Leo in the amount of $250, and for services rendered his wife Claire in the amount of $270. The third exhibit was a bill addressed to Mrs. Claire Binette for medical services in the amount of $15.

After about forty minutes of deliberation, the jury returned its verdict as follows:

> The jury finds for the Plaintiff, Claire Binette, and assesses damages for the Plaintiff in the sum of ONE HUNDRED FORTY–TWO dollars and fifty cents.
> The jury finds for the Plaintiff, Leo Binette, by Charles Binette, N.F. [next friend] and assesses damages for the Plaintiff in the sum of ONE HUNDRED TWENTY–FIVE dollars and NO cents.

In other words, Claire and Leo Binette each recovered an amount equal to exactly one-half of the amount of medical expenses which had been introduced into evidence with respect thereto. The plaintiffs argue that this damage award is inadequate as a matter of law and is the result of compromise.

In *Cope v. Sevigny,* Me., 289 A.2d 682 (1972), we stated the burden the plaintiffs must satisfy in order to successfully pursue such an argument:

> *To sustain his claim of reversible error in the denial of the motion for new trial for inadequacy of damages plaintiff must establish that, the evidence being considered in the light most favorably in support of the verdict of the jury, . . the award is without rational explanation and, hence, is to be deemed a disregard by the jury of the evidence or the result of passion, bias, prejudice, accident, mistake or improper compromise. Id.* at 684.

This strict burden reflects the rule that "*Assessment of damages is the sole province of the jury, and its award will stand in the absence of a demonstration that it acted improperly.*" *Hartt v. Wiggin,* Me., 379 A.2d 155, 158 (1977).

We find no compelling reason to invade the *"sole province of the jury"* in this case, because we find its verdict is not *"without rational explanation."*

It is a well-settled principle of common law that a husband and father cannot recover for moneys expended on behalf of his wife and child for injuries sustained in an accident to which his own negligence contributed. *Neal v. Linnell,* 156 Me. 1, 5, 157 A.2d 231, 233 (1960); *Kimball v. Bauckman,* 131 Me. 14, 20, 158 A. 694, 697 (1932). The same bar to recovery applies under our present *"comparative negligence"* system when the husband and father is found by the jury to be guilty of negligence at least equal to the negligence of the defendant.

Charles Binette's negligence precludes his claim for the past medical expenses incurred.

A typical jury question was presented. The jury heard the evidence and observed the witnesses on the stand. We have not. It was for the jury to pass judgment on the weight to be accorded the evidence heard. A correctly and adequately instructed jury has made a finding of fact. Under the circumstances we cannot find that the award in this case was inadequate and unreasonable as a matter of law.

We hold that the trial court's denial of the defendants' motion for a new trial was not an abuse of discretion.

The entry must be:

Appeal denied.

Judgment affirmed.