Alan D. CLARK

v.

Erik H. ALLEN.

Supreme Judicial Court of Maine.

Argued March 9, 1983.

Decided July 1, 1983.

Richard W. Elliott (orally), Boothbay Harbor, for plaintiff.

Erik H. Allen, pro se.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

This action was brought by the Plaintiff, Alan D. Clark, for recovery of sums allegedly loaned to the Defendant, Erik H. Allen, in the course of developing real estate at Boothbay Harbor. Clark's three-count complaint sought recovery of three separate sums. Following a jury trial in Superior Court (Lincoln County) verdicts were en-

---

tered in favor of the Defendant on the first count, but in favor of the Plaintiff on the remaining counts. Plaintiff's motion for new trial on the first count was denied by the Superior Court.

On appeal, the Plaintiff asserts that the jury verdict against him on the first count was the result of sympathy and was unsupported by the evidence. We deny the appeal.

The Plaintiff has the burden of showing us that the jury verdict was "so manifestly or clearly wrong that it is apparent that the conclusion of the jury was the result of prejudice, bias, passion or a mistake of law or fact." *Kennebec Towage Co. v. State,* 142 Me. 327, 334, 52 A.2d 166, 169 (1947). "Moreover, on a motion for a new trial, the evidence must be viewed in the light most favorable to the successful party." *Binette v. Deane,* 391 A.2d 811, 813 (Me.1978); *Fossett v. Durant,* 150 Me. 413, 416, 113 A.2d 620, 622 (1955).

There may be some doubt as to whether the jury fully understood the complex and highly controverted facts that related to this count, but on this record we cannot say that the verdict is so manifestly wrong that it was obviously the result of passion or a mistake of law or fact. Viewing the evidence, as we must, in the light most favorable to the Defendant, the jury could reasonably have found from testimony adduced at trial that the money which the Plaintiff sought to recover under this count was extended by him as "risk capital," rather than as a loan. Such a finding would justify the jury's return of a verdict in favor of the Defendant.

On the record before us, the Plaintiff's second contention that the verdict was the result of sympathy is similarly without merit. The verdict is not so manifestly or clearly wrong that it may be concluded that it was the result of sympathy. *See Kennebec Towage Co. v. State,* 142 Me. at 334, 52 A.2d at 169.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.