Maymelee BRUNS

v.

Bernard DeGRUCHEY.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1983.

Decided Dec. 8, 1983.

Richard E. Valentino (orally), Valentino's Law Offices, Saco, for plaintiff.

Kevin M. Gillis (orally), Richardson, Tyler & Troubh, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

Maymelee Bruns appeals from a judgment entered in Superior Court, Cumber-

land County, based upon a jury finding that the defendant, Bernard DeGruchey, was "not guilty" of negligence which was a proximate cause of the plaintiff's injuries.[1]

On appeal, Bruns contends that the trial court erred in denying her motion for a judgment notwithstanding the verdict, or, in the alternative, a new trial. We affirm the judgment.

Having carefully reviewed the record, we conclude that the Superior Court properly denied the plaintiff's motion. When a motion for a judgment notwithstanding the verdict is made, the party who obtained the favorable verdict is entitled to every justifiable inference reasonably supported by the record. *Rand v. B.G. Pride Realty,* 350 A.2d 565, 566 (Me.1976); *see Zamore v. Whitten,* 395 A.2d 435, 439 (Me. 1978). On the facts before it, the jury could reasonably have found that the defendant was not negligent. Because there was credible evidence in the record to support the verdict reached, the denial of the motion for a new trial was also proper. *See Clark v. Allen,* 461 A.2d 723, 724 (Me.1983); *Binette v. Deane,* 391 A.2d 811, 813 (Me. 1978).

The entry is:

Judgment affirmed.

All concurring.

---

1. The "not guilty" verdict was a written response to the first question on a special verdict form which asked whether the defendant was "guilty" of negligence which was a proximate cause of any injuries sustained by the plaintiff.