STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-061
MK   AND - a, 10/2012
RECD . ESG 02/10/12

LISA LEVESQUE

Plaintiff,

v.

ANDROSCOGGIN COUNTY,

Defendant.

ORDER ON PLAINTIFF'S
MOTION FOR A NEW TRIAL

Before the Court is plaintiff Lisa Levesque's motion for new trial.[1]

BACKGROUND

In this action, plaintiff Lisa Levesque alleged that during her tenure as a corrections officer at Androscoggin County Jail, her former employer, Androscoggin County, committed numerous violations of the Maine Human Rights Act (MHRA). The complaint specifically alleged that defendant committed unlawful gender discrimination, retaliation and constructive discharge prior to plaintiff's resignation in July 2009. Summary judgment was granted for the defendant on the gender discrimination and the constructive discharge claims, and plaintiff proceeded to trial on her claim of unlawful retaliation. A four-day jury trial was held in October 2011,

_____

[1] Despite defendant's assertion to the contrary, plaintiff quite obviously seeks a new trial under M. R. Civ. P. 59, and therefore she was not required to move for a directed verdict before the case was submitted to the jury. *See Reeves v. F.W. Woolworth Co.*, 485 A.2d 230, 231 (Me. 1984) (ruling on defendant's motion for a new trial despite its "failure at the close of all the evidence to make a motion for a directed verdict").

which resulted in judgment for the defendant. Plaintiff filed a timely motion for a new trial under M. R. Civ. P. 59(a), contending that there was no credible evidence supporting the jury's verdict.

## DISCUSSION

I.      Motion for a New Trial under M. R. Civ. P. 59(a)

The court "may on motion grant a new trial to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law or in suits in equity in the courts of this state." M. R. Civ. P. 59(a).

In the instant motion, plaintiff maintains that no credible evidence admitted at trial could sustain the jury's verdict granting judgment to the defendant on plaintiff's claim of retaliation under the MHRA. Upon a motion for a new trial, the moving party "must show that the jury verdict was so manifestly or clearly wrong that it is apparent that the conclusion of the jury was the result of prejudice, bias, passion, or a mistake of law or fact." *Binette v. Deane*, 391 A.2d 811, 813 (Me. 1978) (quoting *Kennebec Towage Co. v. State*, 142 Me. 327, 334, 52 A.2d 166, 169 (1947)). "Moreover, on a motion for a new trial, the evidence must be viewed in the light most favorable to the successful party." *Id.* (quoting *Fossett v. Durant*, 150 Me. 413, 416, 113 A.2d 620, 622 (1955)). Because plaintiff had the burden of proof at trial, Levesque can only succeed on her motion for a new trial "if she can establish that the jury was compelled to find in her favor on each element of her claim." *See Ma v. Bryan*, 2010 ME 55, ¶ 6, 997 A.2d 755.

2

## II. Plaintiff's Retaliation Claim

There are three elements to a retaliation claim under the Maine Human Rights Act. Plaintiff must show (1) that she engaged in statutorily protected activity; (2) her employer made an employment decision that adversely affected her; and (3) that there was a causal link between the protected activity and the adverse employment action. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 33, 969 A.2d 897.

### A. Protected Activity

Under the MHRA, a protected activity is an action taken to oppose statutorily prohibited discrimination or participation or assistance in any investigation, proceeding or hearing under the Act. *See* 5 M.R.S. § 4572(1)(E).

The crux of plaintiff's argument is that the jury was compelled to find that an e-mail sent from plaintiff to one of her supervisors on July 27, 2009 constituted a protected activity under the MHRA. (Pl.'s Am. Mot. 1.) The e-mail was sent in response to Lt. Jeffrey Chute's recommendation that plaintiff should have her car inspected. (Pl.'s Am. Mot. 11.) According to plaintiff, the relevant portion of Levesque's response stated, "are you and the administration targeting me once again?... I'm tired of being a target of the administration and I'm tired of being messed with on a daily basis... It is obvious you are bias [sic] against me." (Pl.'s Am. Mot. 11, citing Pl.'s Trial Ex. 23.)

Plaintiff contends that the jury was required to conclude that this message was a protected activity because it was a complaint about unlawful retaliation. However, in the cited portion of the e-mail, Levesque did not allege that her gender or her past complaints of sexual harassment provided the basis of the

3

administration's bias against her. Therefore, the jury reasonably could have concluded that the e-mail did not constitute either a complaint about gender discrimination or a complaint that she was being targeted because of her past reports of sexual harassment.

Plaintiff also argues that the trial testimony of Sheriff Guy Desjardins effectively serves as an admission that Levesque's e-mail was a complaint about retaliation. (Pl.'s Reply 4.) The relevant portion of Desjardins' testimony about the e-mail included the following exchange between the witness and plaintiff's counsel:

> Q: ... When you receive notice of harassment, discrimination or retaliation, it's your duty to look into it, correct?
> A: I didn't receive notice, sir.
> Q: You don't believe that this is notice of being targeted?
> A: This was e-mails going back and forth with Lieutenant Chute... I looked into it and I didn't see where there was retaliation.
> Q: Okay, let me back up here. You understood, though, that she's complaining about retaliation?
> A: Yes.

(Desjardins Tr. 117:2-17.)

It is possible that the Sheriff's testimony could have supported a jury finding that the e-mail was a protected activity under the MHRA, but alternative interpretations of the Sheriff's testimony were equally plausible. The jury may have discounted the term "retaliation" because this was the attorney's characterization of the complaint, rather than a phrase chosen by the witness. Even though the witness agreed with the attorney's description, his answer is inconsistent with his previous statement that he did not receive notice of harassment, discrimination or retaliation. Due to the lack of clarity in this testimony, the jury was not compelled to find that Levesque's e-mail was a protected activity under the MHRA.

4

Even if plaintiff was entitled to a finding that she engaged in a protected activity under the MHRA, she would still need to demonstrate that the jury was compelled to find in her favor on the other two elements of her claim.

B. Adverse Employment Action

In order to establish an adverse employment action, the Plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (internal citations omitted).

Plaintiff contends that when she was placed on paid administrative leave and reassigned to the "B Shift," she suffered an adverse employment action because it would have altered her job responsibilities and changed her hours. (Pl.'s Am. Mot. 1, 14-15.) According to plaintiff, the new hours would have disrupted her commute and required her to adjust her childcare arrangements.

It is difficult to see how the court could hold that as a matter of law, the jury was required to find that the transfer "well might have dissuaded a reasonable worker from making or supporting worker from making or supporting a charge of discrimination." There was testimony at the trial that Levesque had worked this shift previously. Furthermore, the jury was not required to believe plaintiff's testimony regarding the foreseeable adverse effects of the transfer. *See Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923.

C. Causal Link

Even assuming *arguendo* that the jury was required to find that plaintiff engaged in a protected activity and that she suffered an adverse employment action, the jury would not have been compelled to conclude that there was a causal relationship between the two events.

Sherriff Desjardins testified that he transferred Levesque to the different assignment because she had frequently been subject to discipline and the Sherriff believed that the different assignment would reduce her stress. (*See* Def. Opp. 3-4.) He also testified that he thought Levesque would succeed under a different supervisor. (Def. Opp. 3-4.) The jury was permitted to believe his direct testimony regarding this motivation for the transfer.

Plaintiff is correct that if an adverse employment action occurs in close proximity to the protected conduct, such temporal proximity "can serve as a substitute for direct evidence of a causal connection between a complaint and an adverse employment action." *DeCaire v. Mukasey*, 530 F.3d 1, 17-19 (1st Cir. 2008) (emphasis added). This does not mean, however, that the jury was compelled to find that the proximity between the two events superseded the employer's direct testimony explaining the motivation for the transfer.

Plaintiff places a great deal of emphasis on the testimony of Sheriff Desjardins, but over the course of the four-day trial the jury heard from approximately one dozen witnesses and observed a large amount of documentary evidence. The jury is permitted to draw all reasonable inferences from the abundance of evidence that was presented. *Garland v. Roy*, 2009 ME 86, ¶ 17, 976

6

A.2d 940. Even if the Sheriff's testimony was uncontroverted, the jury was not required to accept one witness's version of the events if reasonable inferences would support an alternative conclusion. *See Ma v. Bryan*, 2010 ME 55, ¶ 8, 997 A.2d 755. Based on the entirety of the evidence admitted at trial, the jury may have reasonably inferred that defendant's decision to transfer Levesque was based entirely on her job performance and was unrelated to any prior allegations of harassment or discrimination.

## CONCLUSION

In this complex case, both parties received vigorous representation from skilled and experienced counsel. While the jury could have reached a different result, the court cannot conclude that there was no credible evidence to support the jury's verdict for the defendant.

The entry is:

Plaintiff's motion for a new trial is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

2/10/12
Date

MaryGay Kennedy
Justice, Superior Court

7

Attorney for: LISA LEVESQUE
GUY D LORANGER  - RETAINED
NICHOLS WEBB & LORANGER PA
110 MAIN ST., SUITE 1520
SACO ME 04072

vs
ANDROSCOGGIN COUNTY - DEFENDANT

Attorney for: ANDROSCOGGIN COUNTY
PETER MARCHESI  - RETAINED 05/07/2010
WHEELER & AREY PA
27 TEMPLE ST
PO BOX 376
WATERVILLE ME 04903-0376

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2010-00061

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 04/02/2010

## Docket Events:

04/02/2010 FILING DOCUMENT - COMPLAINT FILED ON 04/02/2010

04/02/2010 Party(s):  LISA LEVESQUE
         ATTORNEY - RETAINED ENTERED ON 04/02/2010
         Plaintiff's Attorney: GUY D LORANGER

04/02/2010 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 04/02/2010

04/02/2010 Party(s):  ANDROSCOGGIN COUNTY
         SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/25/2010
         THROUGH DALE FIFIELD

04/02/2010 Party(s):  ANDROSCOGGIN COUNTY
         SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/29/2010

05/10/2010 Party(s):  ANDROSCOGGIN COUNTY
         ATTORNEY - RETAINED ENTERED ON 05/07/2010
         Defendant's Attorney: PETER MARCHESI

05/10/2010 Party(s):  ANDROSCOGGIN COUNTY
         RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 05/07/2010

05/10/2010 ORDER - SCHEDULING ORDER ENTERED ON 05/10/2010
         THOMAS E DELAHANTY II, JUSTICE
         ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
         PARTIES/COUNSEL

05/10/2010 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 01/10/2011

05/10/2010 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 05/10/2010
         THOMAS E DELAHANTY II, JUSTICE